```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
IN RE ADELPHIA COMMUNICATIONS            :
CORPORATION SECURITIES AND DERIVATIVE     :
LITIGATION                                :
- - - - - - - - - - - - - - - - - - - - - X
THIS MEMORANDUM AND ORDER APPLIES TO     :
Consolidated Class Action Complaint,     :    03 MD 1529 (LMM)
03 Civ. 5750, 02 Civ. 9804,              :    MEMORANDUM AND ORDER
03 Civ. 5789, 03 Civ. 7300,              :
03 Civ. 5751, 03 Civ. 5754,              :
03 Civ. 5772.                            :
- - - - - - - - - - - - - - - - - - - - - X
```

McKENNA, D.J.,

Defendants Erland E. Kailbourne ("Kailbourne"), Dennis Coyle ("Coyle"), Pete Metros ("Metros")(collectively the "Audit Committee Members"), and Leslie Gelber (collectively the "Outside Directors"), former members of the Adelphia Board of Directors, move to dismiss, on limitations grounds, certain claims in the Consolidated Class Action Complaint and in five individual actions, including: LACERA (03-CV-5750); NYCERS (03-CV-5789); N.J. Div. (03-CV-7300); Stocke, (03-CV-5772)(03-CV-5754); and Franklin (03-CV-5751).[1]  For the reasons set forth below, the motion is granted in part and denied in part.[2]

---

[1] The individual cases were discussed in this Court's July 18, 2005 Memorandum and Order. In re Adelphia Communications Corp. Sec. & Deriv. Litig., No. 03 MD 1529, 2005 WL 1679540, at *1 & n.1 (S.D.N.Y. July 18, 2005).

[2] This Court refers to its prior discussion of the standard of review governing motions to dismiss, the relevant limitations periods, and rules governing the application of those limitations periods in the May 27, 2005 Memorandum and Order. In re Adelphia, 2005 WL 1278544, at *2-5 (S.D.N.Y. May 31, 2005).

## Background

A recitation of the allegations at issue is unnecessary, as they are substantially similar to those contained in the Consolidated Class Action Complaint (the "CCAC"), discussed in this Court's May 27, 2005 Memorandum and Order (the "May 27 Order"). In re Adelphia Communications Corp. Sec. & Deriv. Litig., No. 03 MD 1529, 2005 WL 1278544, at *1-4. (S.D.N.Y. May 31, 2005)  Familiarity with the May 27 Order, as well as this Court's July 18, 2005 Memorandum and Order, 2005 WL 1679540 (S.D.N.Y. July 18, 2005)(the "July 18 Order"), is assumed.  For purposes of clarity, this Court reiterates its finding in the July 18 Order that LACERA, NYCERS, Stocke, and Franklin are governed by one-year/three-year limitations framework, while N.J. Div. is governed by the two-year/five-year extended limitations framework.  2005 WL 1679540, at *2-4.

## Arguments Regarding the One-Year Limitations Period

The Outside Directors move to dismiss various claims under the one-year limitations period, including: a LACERA §11 claim against Kailbourne and a §18 claim against Audit Committee Members; a NYCERS §18 claim against the Audit Committee Members; a Franklin §11 claim against Kailbourne and a §18 claim against the Audit Committee Members; §10(b) and §20(a) claims against the Outside Directors in Stocke ; and a N.J. Div. §18 claim against Audit Committee Members.  (Global Motion at 1-2)

1. **Inquiry Notice**

This Court previously found that plaintiffs in the CCAC and in the individual actions were on inquiry notice of their claims against lending bank and underwriter defendants as of June 2002, based on the issuance of storm warnings and the filing of Huff 1. 2005 WL 1278544, at *11; 2005 WL 1679540, at *5. That finding applies equally to claims against the Outside Directors, all of whom were members of the Adelphia board of directors during the relevant time period. See, e.g., Lentell v. Merrill Lynch & Co. Inc., 396 F.3d 161, 169 (2d Cir. 2005)(recognizing that, in the context of the one-year limitations period, directors are primary wrongdoers, not secondary or tertiary wrongdoers).

2. **Tolling the Limitations Period**

The relevant plaintiffs have alleged that they investigated the basis for their claims. 2005 WL 1679540, at *5 & n.17; LACERA Am. Compl. at 1; N.J. Div. Am. Compl. at 1-2; Franklin Am. Compl. at 1. However, they do not argue that the limitations period was tolled during those investigations in order to permit their discovery of essential, and previously unknown, facts underlying their claims against the Outside Directors. Even if that argument had been made, it would have been unsuccessful, as plaintiffs do not point to any essential facts which they discovered in the course of their investigations and which could not have been discovered earlier. 2005 WL 1679540, at *5.

### 3. Timeliness of the Challenged Claims

All the claims being challenged under the one-year limitations period were first asserted in amended pleadings filed on December 22, 2003.[3] Because the relevant plaintiffs were on inquiry notice of their claims as of June 2002, eighteen months before the claims were first asserted, all of the aforementioned claims are time-barred under the one-year limitations period, with the exception of the §18 N.J. Div. claim against Audit Committee Members. As discussed, supra, the N.J. Div. claim is governed by the two-year extended limitations period. Because N.J. Div. claim was filed less than two-years after inquiry notice was triggered, the claim is timely.

### 4. Leave to Replead

As discussed, the relevant plaintiffs did not argue that there are facts, essential to their claims against the Outside Directors, which they discovered during their investigations and which could not have been discovered earlier. However, it is not entirely impossible that plaintiffs could allege the existence of such facts. Thus, LACERA, NYCERS, Franklin, and Stocke are granted leave to replead facts sufficient to demonstrate that the one-year limitations period was tolled during their

---

[3] With respect to LACERA, this Court was specifically informed of that. (LACERA Opp'n at 30) As to the other actions, this Court determined the filing date by comparing the initial complaints with the amended pleadings.

investigations. Leave to replead is granted in the same manner and with identical limitations as was granted in the May 27 Order. 2005 WL 1278544, at *14.

**Arguments Regarding the Three-Year Limitations Period**

**1. LACERA**

a. Section 11 Claim Against Kailbourne

The §11 claim against Kailbourne is based on the contents of a "May 1999 Registration Statement," a shelf registration statement.[4] (LACERA Am. Compl. ¶¶ 345, 351) That registration statement governed three securities transactions, the "November 2009 Bonds," the "2010 Bonds," and the "2011 Bonds." (Id. at ¶¶ 66, 345) The November 2009 Bonds were also issued pursuant to a prospectus filed on November 12, 1999, and the 2010 Bonds, pursuant to a prospectus filed on September 18, 2000. (Id. ¶¶ 73, 87) Because the §11 claim was filed in December 2003 (LACERA Opp'n at 30), more than three-years after the the effective date of the documents governing the November 2009 Bonds and the 2010 Bonds, the claim is untimely as to both of those transactions. However, the claim is timely as to the 2011 Bonds. That is so because the 2011 Bonds were issued pursuant to a prospectus filed on June 8, 2001 (LACERA Am. Compl. ¶ 103), and the transaction

---

[4] In the July 18 Order, this Court discussed the issue of when a claim challenging a delayed offering, such as those governed by a shelf registration statement, accrues for the purpose of evaluating the limitations period. 2005 WL 1679540, at *6. Familiarity with that discussion is assumed.

-5-

was first challenged on December 2003, less than three-years after the §11 claims accrued.

   b.   <u>Section 11 Claim Against the Audit Committee Members</u>

The Outside Directors move to dismiss a §11 claim against the Audit Committee Members "based on offerings issued from 1/99 to 4/99. . . ."[5] (Global Motion, Fed. Binder, Sec. 1B at 1)[6] No further detail was provided as to the specific offerings being challenged. However, based on a review of the <u>LACERA</u> amended complaint, this Court assumes that the Outside Directors were referring to the January 2009 Bonds and the May 2009 Bonds. (<u>LACERA</u> Am. Compl. ¶¶ 341-42) The January 2009 Bonds were issued pursuant to a February 1999 Registration Statement, and the May 2009 Bonds were issued pursuant to the March 1999 Registration Statement. (LACERA Am. Compl. ¶¶ 64, 341) The complaint alleges that some type of supplement to the February 1999 Registration Statement was filed on May 12, 1999, and that some type of supplement to the March 1999 Registration Statement was filed on April 20, 1999. (<u>Id.</u> ¶¶ 64, 342)

The §11 claim against Metros and Coyle was first asserted in November 2002. (LACERA Opp'n at 28) Because it was filed more

---

   [5] This section deals only with the claim filed against Metros and Coyle, as the claim against Kailboure was disposed of <u>supra</u>.

   [6] All subsequent citations to the Global Motion will assume a reference to "Federal Binder Sec. 1A."

-6-

than three-years after the filing of all relevant governing documents, it is time-barred.

    c. <u>The §18 Claim Against the Audit Committee Members</u>

The §18 claim against the Audit Committee is based upon the filing of allegedly false and misleading Form 10-Ks for the years ending 1999 and 2000. (LACERA Am. Compl. ¶ 454) The 10-K for the year 1999 was filed on March 30, 2000 and the 10-K for the year 2000 was filed on April 2, 2001. (<u>Id.</u> ¶¶ 75, 92) A cause of action under §18 accrues only when the purchase or sale of securities for which damages are sought has taken place. <u>Jacobson v. Peat, Marwick, Mitchell & Co.</u>, 445 F. Supp. 518, 527 (D.C.N.Y. 1977); accord <u>Lindner Dividend Fund, Inc. v. Ernst & Young</u>, 880 F. Supp. 49, 53 (D. Mass. 1995).

The §18 claim was first asserted in the amended <u>LACERA</u> pleading on December 22, 2003. (LACERA Opp'n at 31) Thus, the claim is timely under the three-year limitations period if based on securities purchases on or after December 22, 2000.[7] As to the Form 10-K filed on March 30, 2000, the §18 claim is time-barred to the extent that it is based upon purchases made from that date through December 21, 2000. As to the Form 10-K filed on April 2, 2001, any purchases relying on that document necessarily occurred after December 21, 2000, and thus the §18

---

[7] The parties did not identify the specific dates on which the relevant purchases were made.

-7-

claim is timely to the extent that it challenges that document.

**2. NYCERS**

a. <u>Section 11 Claim Against the Audit Committee Members</u>

The Outside Directors challenge a §11 claim against the Audit Committee Members to the extent that it is based on securities offerings "from 6/99 to 11/99." (Global Motion at 1) This Court assumes, based on the complaint, that the challenged offerings are the "June 1999 Offering," the "November 1999 Offering," and the "Century Merger."[8] (NYCERS Am. Compl. ¶ 370)

Substantially similar §11 claims asserted by NYCERS against a different defendant group were previously addressed by this Court and found untimely in the July 18 Order. 2005 WL 1679540, at *7. The reasoning articulated in that order requires a finding that the §11 claim challenged here is untimely as to the June 1999 and November 1999 Offerings, or the Century Merger.

b. <u>Section 18 Claim Against the Audit Committee Members</u>

The §18 claim against the Audit Committee Members was originally asserted in an amended complaint filed on December 22, 2003. (NYCERS Am. Compl. ¶¶ 392-402) It is time-barred under the three-year limitations period to the extent that it arose out of securities purchases occurring before December 22, 2000.

---

[8] The Century Merger is the same transaction referred to in the July 18 Order as the "Century Exchange." 2005 WL 1679540, at *7; NYCERS Am. Compl. ¶¶ 189-191.

### 3. **N.J. Div**

The Outside Directors move to dismiss a §18 claim asserted against the Audit Committee in the N.J. Div. Amended Complaint, filed on December 22, 2003. As discussed supra, the applicable period is the five-year extended limitations period. 2005 WL 1679540, at *4. Because the claim was first asserted on December 22, 2003, it is timely to the extent it is based on purchases made on or after December 22, 1998, and barred to the extent that it is based on purchases made before that date.

### 4. **Franklin**

a. Section 11 Claim Against Kailbourne

The §11 claim at issue challenges three securities offerings, the 2006 Bonds, the 2010 Bonds, and the 2011 Bonds. (Franklin Am. Compl. ¶ 320) The 2006 Bonds and 2011 Bonds were issued pursuant to a May 1999 Registration Statement, as well as prospectus supplements filed on January 18, 2001 and June 8, 2001, respectively.[9] (Id. at ¶¶ 46, 49) Because the §11 claim against Kailbourne was first asserted on December 23, 2002, less than three-years after it accrued as to both offerings, it is timely to the extent it challenges the 2006 or 2011 Bonds.

The 2010 Bonds were issued pursuant to a May 1999 Registration Statement and a Prospectus Supplement filed on

---

[9] The May 1999 Registration Statement is a shelf registration statement. See supra n.7.

September 18, 2000.  (Id. ¶ 48)  Because the §11 claim was filed on December 22, 2003, more than three-years after the claim accrued, it is time-barred.

   b.   Section 11 Claim Against the Audit Committee Members

The Outside Directors challenge a §11 claim against the Audit Committee Members based on "offerings issued 4/99. . . ." (Global Motion at 1)  The Outside Directors provided no further detail.  Based on a review of the complaint, the Court assumes that the 2009 Bonds are at issue, in that they were offered pursuant to a March 1999 Registration Statement and a Prospectus filed on April 26, 1999. (Franklin Am. Compl. ¶¶ 47, 53)  Because the §11 claim was first asserted in November 2002, more than three-years after it accrued, it is time-barred.

   c.   Section 18 Claim Against the Audit Committee Members

The §18 claim against the Audit Committee Members is based on allegedly false and misleading documents filed with the SEC, "including the Form 10-K filings for 1999 and 2000," filed on March 30, 2000 and April 2, 2001, respectively.  (Id. at ¶¶ 61, 80, 378)  The claim was first asserted in the amended pleading filed on December 23, 2003.  The parties did not identify the purchase dates relevant to this particular claim.  However, because plaintiffs had three-years from the date of purchase to file the claim, it is time-barred to the extent it is based upon purchases made before December 22, 2000.

### 5. **Stocke**

   a. Section 10(b) Claim Against the Outside Directors

   The §10(b) claim was first asserted in the December 22, 2003 amended pleading. Because the claim was first asserted on December 22, 2003, the claim is barred to the extent that it arises out of purchases made before December 22, 2000.

   b. Section 20 Claim Against the Outside Directors

   "Because Section 20 merely creates a derivative liability for violations of other sections of the [Exchange] Act, claims under Section 20 are governed by the limitations periods for those other sections." Dodds v. Cigna Sec., Inc., 12 F.3d 346, 350 n.2 (2d Cir. 1993)(citations omitted). The limitations period governing the §20 claim here, thus, is the same period which governs the §10(b) claim discussed supra, as that is the only other federal securities law claim asserted in Stocke. This Court's finding herein that the §10(b) claim against the Outside Directors is time-barred to the extent it is based on purchases made before December 22, 2003, applies equally to the §20 claim.

### 6. **CCAC**

   Finally, the Outside Directors argue, in a footnote, that "[t]o the extent [the CCAC] asserts 10(b) claims against defendants based on purchases or sales made more than 3 years before such claims were brought, these claims are barred by the 3-year statute of repose." (Global Motion at 2 n.3) The Outside

Directors are correct that such claims would be time-barred.

## **Relation Back**

Both LACERA and NYCERS argue that certain otherwise untimely claims relate back under Fed. R. Civ. P. 15(c).[10]

**1. LACERA**

LACERA argues that its §18 claim against the Audit Committee Members relates back to a timely §11 claim asserted against Coyle and Metros in November 2002.[11] (LACERA Opp'n at 32) The relation back argument is premised upon the fact that the untimely §18 claim challenges the content of financial statements contained in two Form 10-K documents challenged in the timely §11 claim. (Id.)(LACERA Compl. ¶¶ 75-76, 96, 329-331) This Court agrees with LACERA's argument and finds that the §18 claim against Metros and Coyle relates back because it shares with the timely §11 claim "a common core of operative facts," namely the challenged Form 10-K documents. Ainbinder v. Kelleher, No. 92 Civ. 7315, 1997 WL 420279, at *9 (S.D.N.Y. July 25, 1997).

---

[10] This Court refers back to its prior discussion of Rule 15(c) in the May 27 Order. 2005 WL 1278544, at *15-17.

[11] The timely §11 claim was not asserted against Kailbourne (LACERA Compl. ¶ 322). Thus, LACERA is correct that to the extent the claim relates back it does so only as to Coyle and Metros. (LACERA Opp'n at 32)

-12-

2.  **NYCERS**

   a. Section 18 Claim

   NYCERS argues that the §18 claim against the Audit Committee Members relates back to a timely-filed §11 claim filed in November 2002. (Pl. Opp. Sec. 1C at 7) The otherwise untimely §18 claim is based on "statements in documents filed with the SEC . . . which were . . . false or misleading . . . ." (NYCERS Am. Compl. ¶ 396) Because the §18 claim, as pled, does not allege with any specificity the documents it purports to challenge, this Court cannot credit NYCERS' argument that the §18 claim challenges "the very same SEC filings" as did the timely §11 claim. (Pl. Opp. Sec. 1C at 8) Thus, this Court finds that the §18 claim does not relate back.

   b. Section 11 Claim

   NYCERS argues that the otherwise untimely §11 claim relates back to the November 2002 complaint. (Id. at 7 & n.6) In the July 18 Order, this Court addressed identical arguments as to substantially similar NYCERS claims. 2005 WL 1679540, at *8-9. In keeping with the findings made therein, this Court finds that the §11 claim does not relate back, to the extent that it challenges the June 1999 Offering and the Century Merger. Id. at *9. However, this Court also finds that the §11 claim does relate back to the extent that it challenges the November 1999 Offering. Id. at *8-9.

## Conclusion

For the reasons discussed above, the Outside Directors' motion to dismiss is granted in part and denied in part. The plaintiffs in LACERA, NYCERS, Franklin, and Stocke are granted leave to replead only on the one-year statute of limitations issue identified above, in accordance with the parameters discussed in the May 27 Order, as referenced herein. Plaintiffs will replead on a date to be set in a future Memorandum and Order covering the last grounds for dismissal which will require repleading.

So Ordered.

Dated: August _16_, 2005
New York, New York

Lawrence M. McKenna
U.S.D.J.