```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
                                       :
IN RE ADELPHIA COMMUNICATIONS          :
CORPORATION SECURITIES AND DERIVATIVE  :   03 MDL 1529 (LMM)
LITIGATION                             :
                                       :    MEMORANDUM AND ORDER
---------------------------------------:
                                       :
THIS MEMORANDUM AND ORDER APPLIES TO   :
03 Civ. 5755, 03 Civ. 5756, 03 Civ. 5757, :
03 Civ. 5758, 03 Civ. 5759, 03 Civ. 5760, :
03 Civ. 5761, 03 Civ. 5762, 03 Civ. 5763, :
03 Civ. 5764, 03 Civ. 5765, 03 Civ. 5766, :
03 Civ. 5768, 03 Civ. 5769, 03 Civ. 5770, :
03 Civ. 5771, 03 Civ. 5774, 03 Civ. 5775,:
03 Civ. 5776, 03 Civ. 5778, 03 Civ. 5780, :
03 Civ. 5781, 03 Civ. 5783, 03 Civ. 5784, :
03 Civ. 5785, 03 Civ. 5786, 03 Civ. 5787, :
03 Civ. 5790, 03 Civ. 5791, 03 Civ. 5792, :
                                       :
W.R. HUFF ASSET MANAGEMENT CO., L.L.C., :
et al., (03 Civ. 5752),                :
                                       :
                        Plaintiffs.    :
                                       :
---------------------------------------x
```

McKENNA, D.J.

**1.**

On June 15, 2006, the Court entered a preliminary approval order conditionally certifying a settlement class and preliminarily approving settlements between the class action plaintiffs, on the one hand, and (i) Deloitte & Touche LLP and (ii) a number of banks (collectively, the "Settling Defendants"), on the other. A fairness hearing is scheduled for November 10, 2006. W.R. Huff Asset Management Co., L.L.C. ("Huff") has brought suit against the Settling Defendants as investment advisor and attorney-

in-fact for a number of heretofore undisclosed beneficial owners. Huff and the beneficial owners intend to opt out of the settlement class. To do so, they must submit specified information ("Opt-Out Information") identifying the beneficial owners on whose behalf Huff sues and the Adelphia equity and debt securities held by them at the close of business on August 13, 1999, and setting forth the details of their purchases and sales of Adelphia securities during the class period.

Huff, arguing that the identities of the beneficial owners is an important part of its proprietary customer list and that information relating to the purchase and sale of Adelphia securities for the beneficial owners will allow competitors to discern its proprietary trading strategies, moves for a confidentiality order covering the Opt-Out Information; the Settling Defendants have submitted a different proposed confidentiality order. The principal difference between the proposed orders is that that proposed by Huff would allow access to the Opt-Out information only to counsel for the class plaintiffs, counsel for the Settling Defendants, and the settlement Claims Administrator, while that proposed by the Settling Defendants would allow access to their clients, experts and witnesses, as well.

**2.**

Huff has not shown that its restriction of access to the Opt-Out Information to counsel and the Claims Administrator is

necessary to protect its legitimate interests, at least if a provision is added to the confidentiality order, providing, in substance, that any person within the categories of clients, experts and witnesses to whom the Opt-Out Information is to be disclosed shall first execute a document acknowledging his or her obligation to restrict use of the Opt-Out Information to the purposes permitted by the confidentiality order.  Nor is access to the Opt-Out Information the equivalent of discovery stayed pursuant to the Private Securities Litigation Reform Act.

      The Court will accordingly sign a confidentiality order in substantially the form submitted by the Settling Defendants with the modification suggested above in this Section 2 of this Memorandum and Order.[1]

**3.**

      Counsel have also pointed out that a judgment approving the class settlements (if approved after all objections have been heard and ruled upon) must indicate the persons and entities that have opted out in order for this or any other court to be able to rule upon subsequent preclusion issues.  (It would appear, indeed, to be in the interest of the beneficial owners on whose behalf Huff sues to be clearly identifiable from a public record as opt-outs.)  Given the apparent number of opt-outs (see Mr. Margolies' letter of

---

[1] In this regard, counsel for the Settling Defendants have submitted a form of acknowledgment of obligation under the confidentiality order which the Court finds acceptable.

October 10, 2006), the Court does not believe that an alphabetical listing of opt-outs (which need not mention that Huff clients are such) to be annexed to the judgment will disclose any information that Huff has any significant interest in keeping confidential, and an alphabetical listing of opt-outs as a part of any judgment approving the class settlements will, therefore, be allowed.

**4.**

The Settling Defendants are to submit an order in accordance with the above, with Huff's and the class plaintiffs' consent as to form, if possible, but if not, on two days' notice to Huff and counsel for the class.

SO ORDERED.

Dated:   October /Z, 2006

                                                   Lawrence M. McKenna
                                                       U.S.D.J.