```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
ADELPHIA RECOVERY TRUST,             :    05 Civ. 9050 (LMM)
                                          05 Civ. 9250 (LMM)
                 Plaintiff,          :    05 Civ. 9285 (LMM)
                                         (Related to 03 MDL 1529)
        - against -                  :
                                          MEMORANDUM AND ORDER
BANK OF AMERICA, N.A., et al.,       :

                 Defendants.         :
------------------------------------x
```

McKENNA, D.J.,

**1.**

In a decision dated June 11, 2007 ("Decision"), the United States Bankruptcy Court, Southern District of New York (Gerber, B.J.), decided motions for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) addressed to the adversary proceeding complaint ("Complaint") of the Creditors Committee in the Chapter 11 proceedings relating to Adelphia Communications Corporation and affiliated companies ("Adelphia"). Familiarity with the Decision is assumed. This Court had previously, on February 9, 2006, withdrawn the reference of the adversary proceeding to the Bankruptcy Court, with the understanding that Judge Gerber would decide the pending, and already briefed and argued, Rule 12(b)(6) motions.

Pursuant to the confirmed First Modified Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and Certain of its Affiliated Debtors, title to the causes of action

asserted in the Complaint have been transferred to the Adelphia Recovery Trust.[1]

In the Decision, Judge Gerber dismissed a number of claims in whole or in part and left a number of other claims standing. The plaintiff does not seek leave to appeal while a number of defendants do.[2] Plaintiff opposes the grant of leave to appeal to any defendant on any issue.

**2.**

Judge Gerber's Decision is an interlocutory order, an appeal from which may be taken only with leave of court. 28 U.S.C. § 158(a)(3). Section 158 itself gives no guidance as to the criteria by which a court is to decide whether or not leave to appeal an interlocutory order should be given, but, in the Second Circuit at any rate, district courts have usually applied the criteria that apply to certifications of interlocutory appeals to the courts of appeal under 28 U.S.C. § 1292(b). See, e.g., Americare Health Group, Inc. v. Melillo, 223 B.R. 70, 73-74 (E.D.N.Y. 1998). Under Section 1292(b) a district court may, in its discretion, allow an appeal if it is "of the opinion that [the] order [from which appeal is sought] involves a controlling question

---

[1] The caption of the adversary proceeding is accordingly so amended.

[2] The Court has received motions for leave to appeal (or joinders in the same) from: (i) Bank of America, N.A., et al.; (ii) ABN AMRO Inc., et al.; (iii) The Bank of Nova Scotia; (iv) CIBC, Inc., et al.; (v) Calyon New York Branch, et al.; (vi) Citibank, N.A. et al.; and (vii) JP Morgan Chase Bank, N.A.

of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "By its plain terms, Section 1292(b) may only be used to challenge legal determinations."  California Public Employees' Retirement System v. Worldcom, Inc., 368 F.3d 86, 96 (2d Cir. 2004) (citation omitted).  Generally, Section 1292(b) has been regard as "a rare exception to the final judgment rule that generally prohibits piecemeal appeals."  Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996).  Judge Preska has pointed out, however, that there are reasons not to apply as strict a standard to motions for leave to appeal an interlocutory bankruptcy court decision to a district court as applies to attempts to appeal an interlocutory district court decision to a court of appeals.  Mishkin v. Ageloff, 220 B.R. 784, 790-92 (S.D.N.Y. 1998).

However strictly or not Section 1292(b) is followed, "'[t]he critical requirement is that it [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation.'"  In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978) (Friendly, J.) (quoting 9 Moore, Federal Practice, ¶ 110.22[2] at 260 (1975)).  See also Primavera Familienstifung v. Askin, 139 F.Supp.2d 567, 570 (S.D.N.Y. 2001).

The Court, here, follows Section 1292(b), attempting to apply its criteria in a practical manner to a massive litigation,

based on a complaint almost 250 pages long, asserting, after the dismissals without leave to replead embodied in the Decision and not counting Claims 17 through 24, over 30 claims surviving in whole or in part.  A very lengthy jury trial is to be expected. If, on appeal, any claims now standing will be dismissed, that will assist in accelerating disposition of the case.  If not, the appeal will still assist in accelerating disposition because the issues of law involved in the claims as to which leave to appeal is granted will in any event need to be considered in some detail at trial at the end of plaintiff's case or at a charge conference.  The Court does not consider it an appropriate approach to the present motions to attempt now to determine preliminarily whether, on any issue, Judge Gerber was correct or not, and nothing herein should be so read.

The Court has attempted to distinguish between issues of law fitted for consideration on the face of the complaint and issues which have a factual component better suited for treatment at trial or on a motion for summary judgment after completion of discovery.

Since the decision whether or not to grant leave to appeal is largely discretionary, see In re Orange Boat Sales, 239 B.R. 471, 473-74 (S.D.N.Y. 1999) (B.D. Parker, Jr., J.) (citations omitted), the Court, in the interests of avoiding unnecessary delay, has not discussed here every specific argument advanced in

the briefs in support of or opposition to the seven motions (see n.2, supra) for leave to appeal.

**3.**

The Decision denied the motions for dismissal of Claims 1 through 16 and 25 through 31 of the Complaint, alleging intentional and constructive fraudulent conveyances, under federal and state law.  (Decision at 5-13.)[3]

As Judge Gerber points out, the arguments for dismissal of the claims in question involve factual issues not appropriate for disposition on a Rule 12(b)(6) motion, and this Court is not persuaded otherwise.  To the extent that arguments for dismissal are based upon failures to plead in compliance with Fed. R. Civ. P. 9(b), that failure, at this juncture, can better be redressed by discovery, including contention interrogatories.

Leave to appeal from the Decision, insofar as it denied motions for dismissal of Claims 1 through 16 and 25 through 31, is denied.

**4.**

The Decision denied the motions for dismissal of Claim 32 of the Complaint, alleging the violation of the anti-tying

---

[3] The Complaint, at iii-vi, lists the claims there asserted and, briefly, their nature.  The Attachment to the Decision summarizes, claim-by-claim, the disposition of the motions for dismissal.  The Decision does not dispose of claims 17 through 24, which, the Court is advised, are presently pending before the United States Bankruptcy Court for the Western District of New York.

provisions of the Bank Holding Company Act, 12 U.S.C. § 1971 et seq., except to the extent that the claim is asserted against JP Morgan Chase Bank, N.A. as agent for the FrontierVision facility. (Decision at 74-79.)

The Decision raises legal issues regarding the applicability of the Bank Holding Company Act to facts alleged by plaintiff, i.e., whether it applies where it is alleged that members of the Rigas family, not defendant banks, were utilizing the alleged tie-ins between services of commercial and investment banks, and whether the statute applies at all to the investment banks.  As to these issues, there are substantial grounds for differences of opinion.

Leave to appeal from the Decision, insofar as it denied motions for dismissal of Claim 32, is granted.

**5.**

The Decision denied the motions for dismissal of Claim 33, which seeks the equitable subordination and/or the equitable disallowance of claims by defendants against Adelphia.  (Decision at 61-71.)

As Judge Gerber points out, the arguments for dismissal of this claim involves factual issues, and defenses to the claim have not been precluded.  There is, however, one legal issue as to which there is a substantial ground for difference of opinion, the

question whether the Bankruptcy Code permits equitable disallowance at all.

As to the latter issue, leave to appeal from the Decision, insofar as it denied motions for dismissal of Claim 33, is granted.

**6.**

The Decision denied the motions for dismissal of Claim 36 insofar as it alleges claims for breach of fiduciary duty on the part of investment banks, with the exception of investment banks whose agreements with Adelphia expressly provide that no fiduciary relationship exists.  (Decision at 52-60.)

The affected defendants seeking leave to appeal largely argue on the basis of asserted failures to plead in accordance with the requirements of Fed. R. Civ. P. 9(b) and 8(a)(2), and the requirements of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).  The Court is not persuaded that an interlocutory appeal from the Decision insofar as it failed to dismiss Claim 36 would be profitable at this juncture.  To the extent the Complaint needs to be fleshed out, that can be accomplished by discovery, including contention interrogatories.

Leave to appeal from the Decision, insofar as it denied motions for dismissal of Claim 36, is denied.

**7.**

The Decision denied the motions for dismissal of Claim 37 of the Complaint, alleging the aiding and abetting of breaches of fiduciary duties by members of the Rigas family and persons complicit with them, except to the extent that the claims are asserted against (i) Bank of Nova Scotia, as agent on the Parnassos facility, (ii) JP Morgan Chase Bank, N.A., as administrative agent for the FrontierVision facility, and (iii) Citibank, N.A., as agent for the Century-TCI facility.  (Decision 13-49.)

The Decision, in considering Claim 37, raises a number of legal issues as to which there are substantial grounds for differences of opinion, including (i) whether the Decision was correct in predicting that, were the highest court of Pennsylvania to consider the question, it would recognize the existence of a tort cause of action for aiding and abetting a breach of fiduciary duty, (ii) whether <u>Shearson Lehman Hutton, Inc. v. Wagoner</u>, 944 F.2d 114 (2d Cir. 1991) should be applied to bar the claims of the Complaint, either on the basis of the <u>in pari delicto</u> defense or because of lack of standing in plaintiff, (iii) whether (if <u>in pari delicto</u> applies) any exceptions to that doctrine apply as well, and (iv) how 11 U.S.C. § 541 applies in context.  (Such issues of law, of course, engender necessary sub-issues of law.)

Leave to appeal from the Decision, insofar as it denied motions for dismissal of Claim 37, is granted.[4]

**8.**

The Decision denied the motions for dismissal of Claim 40 insofar as it alleges claims of gross negligence on the part of investment banks other than investment banks whose agreements expressly provide that no fiduciary relationship exists. (Decision at 60-61.)

The affected defendants seek leave to appeal largely on the basis of asserted failures to plead in accordance with the requirements of Fed. R. Civ. P. 9(b) and 8(a)(2), and the requirements of Twombly, supra. The Court is not persuaded that an interlocutory appeal from the Decision insofar as it failed to dismiss Claim 40 would be profitable. To the extent that the Complaint needs to be fleshed out, that can be accomplished by discovery, including contention interrogatories.

Leave to appeal from the Decision, insofar as it denied motions for dismissal of Claim 40, is denied.

---

[4] Section 1292(b) "authorizes the certification of orders, not questions." Primavera, 139 F.Supp.2d at 571 (citing Isra Fruit Ltd. v. Agrexco Agricultural Export Co. Ltd., 804 F.2d 24, 25 (2d Cir. 1986)). Any argument as to Claim 37 is therefore arguably permissible on appeal. The Court notes, nevertheless, that issues relating to the "Economic Loss Doctrine" (Decision at 14 n.35) and limitations (id. at 44-47), as discussed by Judge Gerber, present factual issues. Since, as the Court understands the Decision, it did not bar defendants from raising economic loss and/or limitations as defenses, issues relating to those defenses do not, at least facially, appear to be useful subjects for discussion on appeal.

**9.**

The Decision did not dismiss Claims 41 and 42 because there were no motions for their dismissal.  (See Decision at 84.) In this circumstance, of course, appeal is not appropriate.

**10.**

The Decision denied the motions for dismissal of Claims 43, 44 and 49 through 52 of the Complaint, seeking to recover, from various defendants, voidable preferences.  (Decision at 81-84.)

As Judge Gerber points out, the arguments for dismissal of these claims involve factual issues not appropriate for disposition on a Rule 12(b)(6) motion, and this Court is not persuaded otherwise.

Leave to appeal from the Decision, insofar as it denied motions for dismissal of Claims 43, 44 and 49 through 52, is denied.

**11.**

As to a briefing schedule on appeal, the Court, if all parties who have sought leave to appeal (see n.2, supra) and plaintiff so agree in writing to be delivered to the Court not later than September 17, 2007, will decide the appeals on the briefs in support of and in opposition to the motions for leave to appeal (including reply briefs); the parties, in those briefs, discuss the merits of their positions in considerable depth.

Failing agreement to the arrangement described in the preceding paragraph, briefs are to be submitted on the following schedule: appellants' briefs not later than September 28, 2007; respondent's brief not later than October 23, 2007; and appellants' reply briefs not later than November 2, 2007.[5]

**12.**

Copies of this Memorandum and Order are being delivered to counsel for plaintiff and Bank of America, N.A. The latter are requested to communicate copies to counsel for the other moving parties.

SO ORDERED.

Dated: September 5, 2007

                                            Lawrence M. McKenna
                                                  U.S.D.J.

---

[5] The briefs are to be self-contained in the sense that they may not incorporate by reference briefs or portions thereof submitted on the motions for leave to appeal; on the other hand, parties submitting appeal briefs may incorporate by reference portions of other parties' appeal briefs.
    Appellant's briefs may not exceed 30 pages each, respondent's brief may not exceed 60 pages, and reply briefs may not exceed 6 pages.
    The extent of the research and consideration of issues reflected in the motion papers submitted on the present motions convinces the Court that the schedule set forth above gives the parties adequate time.

11