UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
IN RE ADELPHIA COMMUNICATIONS       :    03 MDL 1529 (LMM)
CORPORATION SECURITIES AND          :
DERIVATIVE LITIGATION               :    MEMORANDUM AND ORDER
                                    :
------------------------------------x
                                    :
THIS DOCUMENT RELATES TO            :
03 Civ. 7301                        :
                                    :
------------------------------------x

McKENNA, D.J.,

**1.**

In its Memorandum and Order of September 7, 2007, the Court, on motions pursuant to Fed. R. Civ. P. 12(b)(6) & 9(b), <u>inter alia</u>, dismissed plaintiffs'[1] claim against defendant Deloitte & Touche LLP ("Deloitte") under Section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder (Claim VI), because of plaintiffs' "reckless" decisions to purchase securities of Adelphia Communications Corporation ("Adelphia"), plaintiffs thus being unable to allege justifiable reliance on Adelphia's fraudulent statements,[2] but declined to dismiss plaintiffs' claim

---

[1] Plaintiffs are identified in the First Amended Complaint, ¶¶ 50-57.

[2] In dismissing the 10b-5 claim, the Court relied on <u>Steed Finance LDC v. Nomura Securities International, Inc.</u>, No. 00 Civ. 8058, 2001 WL 1111508, at *8 (S.D.N.Y. Sept. 20, 2001) (citing <u>Brown v. E.F. Hutton Group, Inc.</u>, 991 F.2d 1020, 1032 (2d Cir. 1993)) and "sophisticated investor" cases, such as <u>In re Livent Noteholders Securities Litigation</u>, 151 F.Supp.2d 371, 439 (S.D.N.Y. 2001).

against Deloitte under Section 18 of the 1934 Act, 15 U.S.C. § 78r (Claim III).

Deloitte moves for reargument, on the ground that it follows from the Court's dismissal of the 10b-5 claim for lack of justifiable reliance that the Section 18 should also have been dismissed, for the same reason. The argument is interesting, but, ultimately, not persuasive. The motion for reconsideration is granted and, on reconsideration, the Court adheres to its original decision.[3]

**2.**

No doubt Section 18 is "close in structure, purpose and intent to the 10b-5 action." Musick, Peeler & Garrett v. Employers Ins. of Wausau, 508 U.S. 286, 295 (1993) (citations omitted). But they are not identical in their requirements.

An implied private right of action under Rule 10b-5 has been found by the federal judiciary, see Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 730 (1975), and "[t]he federal courts have accepted and exercised the principal responsibility for the continuing elaboration of the scope of the 10b-5 right and the definition of the duties it imposes," Musick, Peeler, 508 U.S. at 292, so that a very substantial body of 10b-5 case law has grown up over the years.

---

[3] Deloitte just sufficiently suggested the present argument on its original motion to proceed to reconsideration, and the length of its reply brief, if not compliant with the Court's rules, is excused.

A 10b-5 plaintiff must plead, inter alia, that his damage was "caused by reliance on defendant's misrepresentations or omissions of material facts, or on a scheme by defendant to defraud," Royal American Managers, Inc. v. IRC Holding Corp., 885 F.2d 1011, 1015 (2d Cir. 1989), and the "reliance" he pleads must be "reasonable reliance," Livent, 151 F.Supp.2d at 438 (citing Harsco Corp. v. Segui, 91 F.3d 337, 342 (2d Cir. 1996)) (other citations omitted); the reliance, in another word, must be "justifiable." Id. (quoting Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 79 F.3d 878, 886 (9th Cir. 1996)); see also Brown, 991 F.2d at 1031.

The requirement of "reasonable" or "justifiable" reliance means that "[a] showing of reliance may be defeated . . . where defendant establishes that plaintiff should have discovered the true facts." Royal American, 885 F.2d at 1015 (citations omitted).

The requirements of a Section 18 claim are derived from the statute, the first sentence of which provides:

> Any person who shall make or cause to be made any statement in any application, report, or document filed pursuant to this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 78o of this title, which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable, to any person (not knowing that such statement was false or misleading) who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement, for damages caused by such reliance,

3

> unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading.

15 U.S.C. §78r(a). The parenthetical phrase -- "(not knowing . . .")  -- is significant.

> In a recent formulation:
>
> To succeed under a Section 18(a) claim, a plaintiff is required to plead and prove (1) the defendant made or caused to be made a statement of material fact that was false or misleading at the time and in light of the circumstances under which it was made, (2) the statement was contained in a document filed pursuant to the Exchange Act or any rule or regulation thereunder, (3) reliance on the false statement, and (4) resulting loss to the plaintiff.

Deephaven Private Placement Trading, Ltd. v. Grant Thornton & Co., 454 F.3d 1168, 1171 (10th Cir. 2006) (citations omitted). "[C]onstructive reliance is not sufficient." Heit v. Weitzen, 402 F.2d 909, 916 (2d Cir. 1968). The Section 18 plaintiff "must merely plead and prove that a document filed with the [Securities and Exchange] Commission ["SEC"] contains a material misstatement or omission." Ross v. A.H. Robins Co., 607 F.2d 545, 556 (2d Cir. 1979). The Section 18 plaintiff, further, must plead "actual reliance on specific statements contained in the SEC filings at issue." In re Suprema Specialties, In. Sec. Litig., 438 F.3d 256, 283 (3d Cir. 2006). And, as the statute itself makes clear, the Section 18 plaintiff must be a person who -- presumably at the time

4

of reliance -- did not know that the specific statement relied on was false or misleading. 15 U.S.C. § 78r(a).[4]

It would, in the Court's view, be inconsistent with the language of the parenthetical phrase "(not knowing that such statement was false or misleading)," 15 U.S.C. § 78r(a), to allow a defendant to defeat a Section 18 claim under the broader 10b-5 standard requiring a plaintiff to show reasonable or justifiable reliance in the sense discussed above, rather than only that the plaintiff did not know that a specific statement in a specific document on which statement be relied was false or misleading. The recklessness that the Court concluded was evident from the allegations of the complaint does not evidence knowledge of the falsity of any specific misrepresentation. Nor does the Court see any basis upon which to impose the 10b-5 standard as a second restriction on Section 18 cases.

The Court is aware that the district court in <u>Argent Classic Convertible Arbitrage Fund L.P. v. Rite Aid Corp.</u> said that it understood "the loss and reliance elements of Sections 10(b) and 18 to be coterminous," 315 F.Supp.2d 666, 685 (E.D. Pa. 2004), but respectfully disagrees.

---

[4] It is not clear from the case law of which the Court has been made aware whether the plaintiff must allege and prove the lack of knowledge (as, here, plaintiff has alleged, <u>see</u> First Amended Complaint, ¶ 251), or whether lack of the required knowledge is a defense to be asserted by the defendant.

5

Deloitte's motion for reargument is granted and, on reargument, the Court adheres to its original decision.

SO ORDERED.

Dated: March *13*, 2008

Lawrence M. McKenna
U.S.D.J.