```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x
                                         :
IN RE ADELPHIA COMMUNICATIONS            :
CORPORATION SECURITIES AND DERIVATIVE    :   03 MDL 1529 (LMM)
LITIGATION                               :
                                         :   MEMORANDUM AND ORDER
-----------------------------------------:
                                         :
This Document Relates to 05 Civ. 9050    :
                                         :
-----------------------------------------x
```

McKENNA, D.J.,

The Bank Defendants[1] object to an order of February 11, 2009 of Magistrate Judge Ellis to the extent that that order denied their motion for an order compelling the Adelphia Recovery Trust ("ART") to produce all withheld testifying expert materials from Adelphia Communications Corp. v. Deloitte & Touche, LLP, a case (now settled) that was pending in the Pennsylvania Court of Common Pleas for Philadelphia County.[2]  ART had disclosed the materials sought to Deloitte & Touche, LLP ("Deloitte") in that action.

The Court assumes that the materials sought by ART are relevant.  The Court further assumes that the materials are not attorney work product.

The dispute is properly analyzed under Fed. R. Civ. P. 26(b)(4), which distinguishes between an expert "who has been

---

[1] See Bank Defendants' Objection, Feb. 26, 2009, at 1 n.1, identifying the banks comprising the Bank Defendants.

[2] The Bank Defendants' Objection gives specifics as to the materials sought.

identified as an expert whose opinions may be presented at trial," id. 26(b)(4)(A), whose deposition may be taken, and an expert "who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," id. 26(b)(4)(B), who may not be deposed (unless exceptional circumstances are shown under which it is impracticable for the party to obtain facts or opinions on the same subject matter by other means -- an exception not pertinent here).

As appears from Bank Brussels Lambert v. Chase Manhattan Bank, N.A., 175 F.R.D. 34 (S.D.N.Y. 1997), an expert can come under Rule 26(b)(4)(A) in a case related to another case in which that expert comes within Rule 26(b)(4)(B). 175 F.R.D. at 43-44. As the Advisory Committee pointed out in relation to the 1970 amendments of Rule 26 (under Subdivision (b)(4)), "[d]iscovery is limited to trial witnesses, and may be obtained only at a time when the parties know who their expert witnesses will be." In Bank Brussels Judge Ellis pointed out that the distinction in Rule 26(4)(b) is based at least in part on the need to prepare for cross-examination, or not, as the case may be. The Bank Defendants have no need to depose the experts whose materials they now seek, since they have not been identified as trial witnesses in the present case.

The Court concludes that <u>Bank Brussels</u> remains correct, and that Judge Ellis properly applied it here. The objecting parties have not shown that his decision is clearly erroneous or contrary to law, <u>see</u> 28 U.S.C. § 636(b)(1)(A), and it is affirmed, and the objection overruled.

SO ORDERED.

Dated:  April 21, 2009

                                            Lawrence M. McKenna
                                                 U.S.D.J.