USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/19/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ADELPHIA COMMUNICATIONS CORPORATION SECURITIES AND DERIVATIVE LITIGATION | 03 - MD - 1529 (LMM) |

### [PROPOSED] SETTLEMENT DISTRIBUTION ORDER

WHEREAS, the above-captioned class action (the "Action") was settled in part (the "Banks Settlement" and the "Deloitte Settlement") pursuant to the terms and conditions of the Stipulations and Agreements of Settlement dated as of May 23, 2006 and June 7, 2006 (the "Settlement Agreements"), on behalf of a Settlement Class consisting of all individuals or entities who purchased or otherwise acquired Adelphia Securities during the period from August 16, 1999 through June 10, 2002, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are such persons or entities who submitted valid and timely request for exclusion from the Settlement Class; Defendants; family members of the Individual Defendants; any entity in which any defendant has or had a controlling interest during the Class Period; the legal representatives, heirs, executors, successors, or assigns of each excluded person; and any directors or officers of Adelphia during the Class Period; and

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement on November 10, 2006, at which time all Settlement Class members were provided with an opportunity to be heard; and

WHEREAS, the orders entered by this Court on November 10, 2006 (the "Settlement Orders"), approved the Settlements, finding, *inter alia*, that the Settlements were fair, reasonable and adequate to the Settlement Class and its members and that the notice to the Settlement Class

1

satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process; and

WHEREAS, the orders entered by this Court on November 16, 2006 (the "Fee Orders") awarded counsel for plaintiffs ("Lead Plaintiffs' Counsel") $52,420,035 in fees and $778,202.95 in expenses out of the $244,953,437 Banks Settlement Fund and $44,940,000 in fees and $666,927.86 in expenses out of the $210 million Deloitte Settlement Fund. Additionally, the Claims Administrator, Valley Forge, has incurred administration fees and expenses of $2,021,299.94, which includes a sum of $1,047,671.84 which has already been paid and a balance of $973,628.10 which remains to be paid. Thus, after allowance of fees and expenses, and the addition of interest earned on the Settlement Funds, as of December 31, 2009, there remains $174,617,372.31 in the Deloitte Settlement Fund (the "Deloitte Net Settlement Fund") and $199,070,758.96 in the Banks Settlement Fund (the "Banks Net Settlement Fund") (collectively, the "Net Settlement Funds") for a total of $373,688,131.27, ready for distribution; and

WHEREAS, Lead Plaintiffs' Counsel and Valley Forge have now completed all steps required for the administration, review, processing and validation of claims set forth in the Settlement Agreements, and have calculated, pursuant to the terms of the Plan of Allocation set forth in the Notice of Pendency and Settlement of Class Action (the "Notice") and approved by this Court, the number of valid and complete Proof of Claim forms submitted, and the total Recognized Loss for each Authorized Claimant; and

WHEREAS, Lead Plaintiffs' Counsel and Valley Forge have reported to this Court in the Supplemental Affidavit of Michael B. Miller In Support of the Distribution of the Settlement Funds dated January 5, 2010 (the "Miller Affidavit"), on the administration, review, processing,

validation and calculation of claims, and have provided a final report listing all valid and complete claims, with the Recognized Loss for each, and all rejected claims, with the reason for each rejection; and

WHEREAS, Lead Plaintiffs' Counsel have applied to this Court for approval of the distribution of the Net Settlement Funds pursuant to the terms and conditions of the Settlement Agreements; and

WHEREAS, the Settlement Agreements also provided for $1,000,000 each to be allocated from the Banks Settlement Fund ("Banks Notice & Administrative Fund") and Deloitte Settlement Fund ("Deloitte Notice & Administrative Fund") (collectively the "Notice & Administrative Funds") for the express purpose of providing notice of the Settlements and to administer the Settlements; and

WHEREAS, the Banks Notice & Administrative Fund has a balance of $497,369.37 and the Deloitte Notice & Administrative Fund has a balance of $578,545.46; and

WHEREAS, Lead Plaintiffs' Counsel have applied to this Court for approval of payment to Valley Forge from the Notice & Administrative Funds for fees and expenses incurred in connection with settlement administration; and

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing,

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. The Court finds that the procedures and methods utilized in the administration of the Settlements and the review, processing, validation and calculation of claims submitted by

Claimants fully complied with the notice and administration provisions and the Plan of Allocation set forth in the Notice and as approved by this Court in the Settlement Orders.

2. Distribution of the Net Settlement Funds to the Authorized Claimants pursuant to the Court-approved Plan of Allocation is directed.

3. The Court directs Lead Plaintiffs' Counsel or its authorized agent, the Claims Administrator, to pay all taxes owed by each of the Net Settlement Funds from each of the respective Net Settlement Funds, including the tax incurred on interest earned by the Net Settlement Funds, and to continue their efforts to resolve any disputes outstanding or that may arise with the Internal Revenue Service in a manner they determine, in their discretion, is most beneficial to the Net Settlement Funds.

4. The Court approves payment of the outstanding balance owed to Valley Forge. From Valley Forge's final invoice of $2,021,299.94 for its fees and expenses, $1,047,671.84 of which was previously paid from the Notice and Administrative Funds, $973,628.10 of which remains unpaid for fees and expenses incurred in the administration process. Lead Plaintiffs' Counsel is directed to pay $973,628.10 to Valley Forge from the Net Settlement Funds in the proportion that the Net Settlement Funds bore to each other as of November 2006.

5. The Court allows all complete and valid claims, including those filed timely and those received late, which are listed in Exhibits B and C to the Miller Affidavit, and directs payment from the proceeds of the Net Settlement Funds, after payment of all administrative fees and expenses allowed herein and taxes due or owing, to such Authorized Claimants on a pro rata basis in accordance with their Recognized Loss.

6. Any claims filed, postmarked or otherwise received by the Claims Administrator from any Class member, after December 4, 2008 shall not be accepted for any reason whatsoever.

7. The checks for distribution to the Authorized Claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY 180 DAYS AFTER ISSUE DATE," or words of similar import.

8. The Court finds that the claims of the Class members listed in Exhibit D to the Miller Affidavit, which were determined to be invalid, have been given a fair and reasonable opportunity to object to and/or appeal the rejection of all or part of their claims, and directs that all claims determined to be invalid are rejected. Such Class members were previously advised of the rejection of their claims, and no further notice is required.

9. Because of the administrative time and effort associated with processing, printing, mailing, and reconciling checks, the Court finds that claimants whose *pro rata* share from the Settlements is $5.00 or less per claim should not be included in the distribution. Accordingly, the Court directs Lead Plaintiffs' Counsel, or its authorized agent, the Claims Administrator, to notify such claimants that their *pro rata* share under the Plan of Allocation was $5.00 or less per claim and therefore their claim(s) will not be included in any distribution.

10. The Court directs Lead Plaintiffs' Counsel, together with Valley Forge, to continue administration of the Settlement pursuant to the Settlement Agreements, the Settlement Orders, and this Order.

11. The Court directs Lead Plaintiffs' Counsel or its authorized agent, the Claims Administrator, to attempt to locate Authorized Claimants whose distribution checks are returned or remain uncashed by telephoning Authorized Claimants at the numbers provided in the

Authorized Claimants' original claim forms, if any, and, if such calls are unsuccessful in locating Authorized Claimants, to use other ordinary and reasonable means to attempt to locate Authorized Claimants, and, to the extent Authorized Claimants are located, Lead Plaintiffs' Counsel shall distribute to those Authorized Claimants where possible and appropriate.

12. The Court directs Lead Plaintiffs' Counsel to retain the balance of any undistributed funds in the Net Settlement Funds, the proceeds of any returned or uncashed checks or any tax refunds that may be obtained, and any interest thereon, in an account or fund as provided in the Settlement Agreements until distribution is authorized pursuant to further order of this Court.

13. If any funds remain in the Net Settlement Funds by reason of uncashed checks or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Funds cash their distribution checks, any balance remaining in the Net Settlement Funds one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Funds for such re-distribution, to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If following six (6) months after such re-distribution any funds shall remain in the Net Settlement Funds, then Valley Forge, following consultation with Lead Plaintiffs' Counsel shall donate any remaining funds to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Plaintiffs' Counsel without further order of the Court.

14. All persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in the Action, or otherwise involved in the administration of the Net Settlement Funds, are released and discharged from any and all claims arising out of

such involvement, and all Class members, whether or not they have submitted claims or are to receive payment from the Net Settlement Funds are barred from making any further claim against the Net Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order.

15. Lead Plaintiffs' Counsel and Valley Forge are authorized to discard paper or hard copies of the Proof of Claim forms and other materials two (2) years after final distribution of all settlements in this case to eligible claimants, and electronic or magnetic media data three (3) years after the final distribution of all settlements in this case to eligible claimants.

16. This Order is final for purposes of appeal and may be appealed notwithstanding other matters presently pending, and the Clerk is hereby directed to enter judgment thereon. Certification under Rule 54(b) of the Federal Rules of Civil Procedure will not result in unnecessary appellate review nor will review of the adjudicated claims moot any further developments in this Action. Even if subsequent appeals are filed, the nature of those claims is such that the appellate court would not have to decide the same issues more than once. The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Order.

17. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Settlement Orders and the Final Judgments.

Dated: _Jan. 19_, 2010

_____
HONORABLE LAWRENCE M. McKENNA
UNITED STATES DISTRICT JUDGE