# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE ADELPHIA COMMUNICATIONS
CORPORATION SECURITIES
AND DERIVATIVE LITIGATION

03 - MD - 1529 LMM

This Document Relates to:

Consolidated Class Action Complaint (Nos. 03-CV5755;
03-CV-5756; 03-CV-5757; 03-CV-5758; 03-CV-5759; 03-
CV-5760; 03-CV-5761; 03-CV-5762; 03-CV-5763; 03-CV-
5764; 03-CV-5765; 03-CV-5766; 03-CV-5768; 03-CV-
5769; 03-CV-5770; 03-CV-5771; 03-CV-5774; 03-CV-
5775; 03-CV-5776; 03-CV-5778; 03-CV-5780; 03-CV-
5781; 03-CV-5783; 03-CV-5784; 03-CV-5785; 03-CV-
5786; 03-CV-5787; 03-CV-5790; 03-CV-5791; 03-CV-
5792).



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/2010

## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement dated as of August 18, 2009 (the

"Stipulation" or "Settlement"), is submitted pursuant to Rule 23 of the Federal Rules of Civil

Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead

Plaintiffs Eminence Capital LLC, Argent Classic Convertible Arbitrage Fund L.P., Argent

Classic Convertible Arbitrage Fund (Bermuda), Ltd., Argent Lowlev Convertible Arbitrage

Fund, Ltd., UBS O'Connor LLC f/b/o UBS Global, Equity Arbitrage Master, Ltd., and UBS

O'Conner LLC f/b/o UBS Global Convertible Portfolio (collectively, the "Lead Plaintiffs") on

behalf of themselves and the members of the settlement class, and defendants John J. Rigas,

Timothy J. Rigas, Michael J. Rigas, James P. Rigas, Peter L. Venetis, Erland E. Kailbourne,

Dennis P. Coyle, Leslie J. Gelber, Pete J. Metros and Michael C. Mulcahey (the "Defendants")

by and through their respective counsel.

WHEREAS:

I. THE LITIGATION AND RELATED PROCEEDINGS

A. On and after April 2, 2002, the following actions were filed in the United States District Courts as proposed class actions on behalf of persons who purchased or otherwise acquired securities of Adelphia (as defined in paragraph 1a below):

1. *In re Adelphia Communications Corp. Securities Litigation, et al.,* Civil Case No.: 03 Civ. 5755;

2. *Gitter v Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5756;

3. *TZ Micro Computing, Inc. v. Adelphia Communications Corp., et al.,* Civil. Case No.: 03 Civ. 5757;

4. *Hattrick v Adelphia Communications Corp., et al.,* Civil Case No., 03 Civ. 5758;

5. *Shulimson v. Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5759;

6. *Market Street Securities. Inc. v. Adelphia Communications, Corp., et al.,* Civil Case No.: 03 Civ. 5761;

7. *Costa v. Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5762;

8. *Epstein v Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5763;

9. *Gold v Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5764;

10. *Goldman v, Adelphia Communications Corp,, et al.,* Civil Case No.: 03 Civ. 5765;

11. *Fuller v. Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5766;

12. *Crossway Partners, L.P. Y. Adelphia Communications, et al.,* Civil Case No.; 03 Civ. 5768;

13. *Garner, et al, v Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5769;

14. *Hardin v. Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5771;

15. *Stocke, et al v. John J Rigas, et at,* Civil Case No. 03 Civ. 5772;

16. *VR Associates v. Adelphia Communications Corp., et al,* Civil Case No.: 03 Civ. 5774;

17. *Morello v. Adelphia Communications Corp., et al,* Civil Case No.: 03 Civ. 5775;

18. *Inabinet, et al. v Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5776;

19. *D'Asaro v. Adelphia Communications Corp., et al,,* Civil Case No.: 03 Civ, 5778;

20. *Kiefer v. Adelphia Communications Corp.,.et al.,* Civil Case No.: 03 Civ. 5780;

21. *Turrell v Adelphia Communications Corp., et al.,* Civic. Case No.: 03 Civ. 5781.;

22. *Weiner v. John J. Rigas, et al.,* Civil Case No.: 03 Civ. 5782

23. *Seebacher v. Adelphia Communications Corp., et al.,* Civil. Case No.: 03 Civ. 5783;

24. *Burstein v. Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5784;

25. *Argent Classic Convertible . Arbitrage Fund L.P., et al v Adelphia Communications Corp., et al,* Civil Case No.: 03 Civ. 5785

26. *Matovich v. Adelphia Communications Corp., et al.,* Civil Case No.: 03 Civ. 5786;

27. *Victor, et al v Adelphia Communications Corp., et al,* Civil. Case No.: 03 Civ, 5787;

28. *Burnside v. John J, Rigas, et al.,* Civil Case No.: 03 Civ. 5788;

29. *Huhn, et al v. John J. ,Rigas, et al.,* Civil Case No.: 03 Civ. 5790;

30. *Lowinger v John J. Rigas, et al.,* Civil Case No.: 03 Civ. 5791;

31. *Eichel v. John J Rigas, et al,,* Civil Case No.: 03 Civ. 5792;

B.    By Order dated July 23, 2003, the Judicial Panel on Multidistrict Litigation transferred the above cases, and other related litigation, to the Southern District of New York (the "Court"). By Order dated December 5, 2003, United States District Judge Lawrence M. McKenna consolidated the transferred cases as *In re Adelphia Communications Corporation Securities and Derivative Litigation,* No. 03 MD 1529 (the "Securities and Derivative Litigation"). Pursuant to the Court's Order of December 5, 2003, proposed Class Members Eminence Capital LLC, Argent Classic Convertible Arbitrage Fund L.P., Argent Classic Convertible Arbitrage Fund (Bermuda), Ltd., Argent Lowlev Convertible Arbitrage Fund, Ltd., UBS O'Conner LLC f/b/o UBS Global Equity Arbitrage Master, Ltd., and UBS O'Conner LLC f/b/o UBS Global Convertible Portfolio were appointed Lead Plaintiffs for the consolidated class actions reflected in Part I(A). By the same Order, the law firms of Abbey Spanier Rodd Abrams & Paradis, LLP, (now known as Abbey Spanier Rodd & Abrams, LLP) and Kirby McInerney & Squire, LLP, (now known as Kirby McInerney, LLP) were appointed Co-Lead Counsel for the Class.

C.    Lead Plaintiffs filed their Consolidated Amended Class Action Complaint (the "Complaint") on December 22, 2003. In the Complaint, Lead Plaintiffs asserted claims against the Defendants under Sections 11, 12 and 15 of the Securities Act of 1933 (the "1933 Act") and Sections 10(b) and 20 of the Securities Exchange Act of 1934 (the "1934 Act") on behalf of a class of persons who purchased or acquired Adelphia securities from August 16, 1999, through June 10, 2002, inclusive (the "Class Period").

D.    In their Complaint, Lead Plaintiffs alleged that during the Class Period Adelphia's financial statements materially understated the total amount of Adelphia's debt, overstated Adelphia's equity capital, misrepresented the Company's capital structure and concealed its sources of funds. The Lead Plaintiffs alleged that this conduct artificially inflated the prices of

4

Adelphia securities. The Lead Plaintiffs further alleged that once the truth was disclosed, Adelphia's stock declined in value, thereby injuring the Lead Plaintiffs and the Class.

E.     Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Class Action. The Defendants have expressly denied and continue to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Class Action. The Defendants also have denied and continue to deny, *inter alia*, any allegations that the Lead Plaintiffs or the Class have suffered damage or that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the Class Action.

F.     On March 8, 2004, the Defendants, along with other defendants, filed motions to dismiss the claims of Lead Plaintiffs and individual plaintiffs. The Court has not yet ruled on several of the issues raised by the various motions, but has partially granted and partially denied the motions on the grounds, *inter alia*, of standing and statute of limitations.

G.     Lead Plaintiffs and the Defendants, along with other individual plaintiffs and defendants in these consolidated actions, have participated in several mediation sessions with the Honorable Daniel Weinstein and were able to reach the Settlement that is the subject of this Stipulation.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Persons (as defined below) shall be compromised, settled, released and dismissed, with prejudice, upon and subject to the following terms and conditions:

5

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

a.      "Adelphia" means Adelphia Communications Corporation and all of its predecessors, successors, joint ventures, parents, subsidiaries, divisions and related or affiliated entities, and each of its or their present and former assigns, partners, officers, directors, principals, employees, accountants, insurers, associates, agents, representatives, consultants, advisors, predecessors, successors, heirs, executors, administrators, custodians and beneficiaries.

b.      "Adelphia Securities" or "Securities" means any securities: (i) issued by Adelphia including, without limitation, all debt and equity securities issued pursuant to the October 1999 Offering, the November 1999 Offering, the September 2000 Offering, the January 2001 Debt Offering, the January 2001 Equity Offering, the April 2001 Offering, the June 2001 Offering, the October 2001 Offering, the November 2001 Series E Offering, the November 2001 Class A Offering, the January 2002 Series F Offering and the January 2002 Class A Offering, as those offerings are defined in the Complaint; or (ii) that traded in whole or in part based on the price or value of any security issued by Adelphia, including without limitation put and call options that were listed on a national securities exchange during the Class Period.

c.      "Authorized Claimant" means any Settlement Class Member eligible for recovery pursuant to the Settlement who files a valid Proof of Claim and Release in such form and manner and within the time limitation as set forth in the Proof of Claim and Release form attached to the Settlement Notice.

d.      "Claimant" means any person who files a Proof of Claim and Release in such form and manner and within the time limitation as set forth in the Proof of Claim and Release form attached to the Settlement Notice.

6

e.     "Claims Administrator" means Valley Forge Administrative Services, the firm designated by Lead Plaintiffs' Counsel to perform all actions required to be taken by the Claims Administrator pursuant to this Stipulation, its Exhibits and the Escrow Agreement executed between the Escrow Agent and the parties hereto.

f.     "Class Action" refers to the consolidated class action comprising the constituent class actions listed in Part I(A).

g.     "Defendants" means John J. Rigas, Timothy J. Rigas, Michael J. Rigas, James P. Rigas, Peter L. Venetis, Erland E. Kailbourne, Dennis P. Coyle, Leslie J. Gelber, Pete J. Metros and Michael C. Mulcahey.

h.     "Effective Date" means the first date by which all of the events and conditions specified in paragraph 28 of this Stipulation have been met and have occurred. Upon the Effective Date, each Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims and all other claims that were or could have been asserted in the Class Action against the Released persons.

i.     "Escrow Agent" means U.S. Bank.

j.     "Final" means: (i) the date of final affirmance on any appeal of the judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari, to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Judgment, i.e., thirty (30) days after entry of the Judgment, such that the Judgment represents a final and binding judgment with respect to the Class Action. Any proceeding or order, or any appeal or

petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from becoming final.

k.   "Gross Settlement Fund" means the principal amount of six million, seven hundred and twenty-five thousand dollars ($6,725,000), plus any interest that might accrue thereon after the principal is deposited into an interest bearing escrow account as provided for herein.

l.   "Individual Actions" means the following actions.

(a)   *Los Angeles County Employee Retirement Association et al. v. John J. Rigas et al.*, Civil Case No.: 03 Civ. 5750;

(b)   *Franklin Strategic Income Fund, et al. v John J. Rigas et al.*, Civil Case No., 03 Civ. 5751;

(c)   *New Fork City Employees' Retirement System et al. v. John J. Rigas et al.*, Civil Case No.: 03 Civ. 5789;

(d)   *Bent, et al. v. John J. Rigas, et al.*, Civil Case No.: 03 Civ. 5793;

(e)   *Division of Investment of the New Jersey Department of the Treasury et al. v. John J. Rigas, et al.*, Civil Case No.: 03 Civ. 7300; and

(f)   *AIG DKR SoundShore Holdings, Ltd., et al. v. Rigas, et al.*, Index No. 117940/02, Supreme Court of the State of New York, County of New York IAS Part

m.   "Insurer(s) or "Defendants' Insurer(s)" means Associated Electric & Gas Insurance Services Limited, Federal Insurance Company and/or Greenwich Insurance Company.

n.   "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

o.   "Lead Plaintiffs" means Eminence Capital LLC, Argent Classic Convertible Arbitrage Fund L.P., Argent Classic Convertible Arbitrage Fund (Bermuda), Ltd.,

Argent Lowlev Convertible Arbitrage Fund, Ltd., UBS O'Conner LLC f/b/o UBS Global Equity Arbitrage Master, Ltd. and UBS O'Conner LLC f/b/o UBS Global Convertible Portfolio.

p. "Lead Plaintiffs' Counsel" means the law firms of Abbey Spanier Rodd & Abrams, LLP, 212 East 39th Street, New York NY 10016 and Kirby McInerney, LLP, 825 Third Avenue, New York, NY 10022.

q. "Mediator" means the Honorable Daniel Weinstein, JAMS, Two Embarcadero Center, Suite 1100, San Francisco, CA 94111.

r. "Net Settlement Fund" means the balance of the Gross Settlement Fund after the payments described in paragraph 5(a) below have been made.

s. "Opt-Out Class Members" mean any Members of the Class who elect to opt out of the Settlement and are permitted to do so by the Court pursuant to paragraph 25 below.

t. "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

u. "Plaintiff Releasees" collectively means and includes the Lead Plaintiffs, Named Plaintiffs and all other Class Members, their respective heirs, executors, administrators, legal representatives, predecessors, successors, parent companies, affiliates, transferees and assigns.

v. "Plan of Allocation" means the plan or formula of allocation of the Gross Settlement Fund substantially in the form set forth in the notice attached hereto as Exhibit B-1 that will be approved by the Court and whereby the Gross Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement,

Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the stipulation, and the Defendants shall have no responsibility or liability with respect thereto.

w. "Proof of Claim and Release" means proofs of claim and release, substantially in the form attached hereto as Exhibit C, filed by Lead Plaintiffs or Members of the Class. Persons who filed proofs of claim in connection with any prior class action settlement in this consolidated action, and who do not opt out of this Settlement, need not file proofs of claim again in order to participate in this Settlement.

x. "Released Claims" collectively means and includes: (i) any and all claims or causes of action against the Released Persons (including, but not limited to, Unknown Claims) of every nature and description, whether known or unknown, that are based upon, relate to or arise from or in connection with or related to investments (including, but not limited to, purchases, other acquisitions, sales, other dispositions, exercises and decisions to hold) in Adelphia Securities or in derivative instruments that trade in whole or in part based on the price or value of any Adelphia Securities, regardless of whether such instruments are or have ever been listed on a national securities exchange, that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against the Defendants or any Released Person in the Class Action; (ii) all claims arising out of or relating directly or indirectly to any disclosures, alleged failures to disclose, omissions, prospectuses, registration statements or other statements made by Adelphia (including, but not limited to, all financial statements issued by Adelphia or any restatement thereof, whether audited or unaudited, and any representations or misrepresentations made by any Released Person concerning Adelphia), that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against the Defendants or any Released Person in the Class Action; (iii) all claims arising out of or relating

directly or indirectly to any services performed or engaged to be performed for Adelphia by the Defendants that could have been asserted by lead Plaintiffs or any Members of the Class; and (iv) all claims that relate directly or indirectly to or that are in any way based upon or arise from, or are in any way connected with, any of the acts, facts, events, circumstances, matters, claims, transactions, occurrences, omissions, representations, misrepresentations or matters of any kind or of any nature referred to or that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against the Defendants or any Released Person including the claims which were or could have been asserted by Lead Plaintiffs or any Member of the Class in the Class Action. Nothing in this Stipulation shall be construed to limit the right of any Member of the Class to recover from (1) the funds established for victims of the alleged Adelphia fraud pursuant to (a) the April 25, 2005, Settlement between Adelphia, the Rigases, the United States Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York; and (b) the April 26, 2005 Settlement between Deloitte & Touche LLP and the SEC, and/or (2) the proceeds from the settlement between Adelphia and Deloitte & Touche LLP in the action styled *Adelphia Communications Corp. v. Deloitte & Touche LLP*, No. 000598.

y.     "Released Persons" means the Defendants, their agents, attorneys, Insurers, subrogees, co-insurers, reinsurers and servants, and all their respective heirs, executors, administrators, personal representatives, predecessors, successors, transferees and assigns, including non-defendant Adelphia former directors and officers Daniel Millard and Perry Patterson. However, the term "Released Persons" shall not include any non-settling defendants in the Class Action.

z.     "Rigas Entity" means any entity owned or controlled by John Rigas, Doris Rigas, Timothy Rigas, Michael Rigas, James Rigas, Ellen Rigas or Peter Venetis or members of

11

their respective immediate families (collectively, the "Rigases" or "Rigas Family"), including without limitation any entity owned or controlled by one or more Rigases, and all the predecessors, successors, parents, subsidiaries, divisions and related or affiliated entities of any such entity.

aa. "Settlement Amount" means the sum of six million, seven hundred and twenty-five thousand dollars ($6,725,000).

bb. "Settlement Class" or "Class" means all Persons who purchased or otherwise acquired Adelphia securities from August 16, 1999, through June 10, 2002, inclusive. Excluded from the Settlement Class are Adelphia, Adelphia Business Solutions, Inc., all individual defendants named in the Complaint, any member of the families of the individual defendants, any entity in which any individual defendant has a controlling interest, any other defendant named in the Complaint or any entity that is a parent or subsidiary of, or which is controlled by, such defendant and the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns of all defendants named in the Complaint. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion pursuant to the "Notice of pendency and settlement of Class Action" to be sent to potential Settlement Class Members.

cc. "Settlement Class Member" or "Member of the Settlement Class" or "Class Member" means a Person who falls within the definition of the Settlement Class. Persons who opted out of settlement class(es) previously certified by this Court in connection with any prior class action settlement(s) in this consolidated action nevertheless may participate in this Settlement if they comply with the provisions of this Settlement. Persons who were part of and participated in the Settlement Class(es) previously certified by this Court in connection with any

prior class action settlement(s) in this consolidated action nevertheless may opt out of this Settlement if they comply with the provisions of this Settlement.

dd. "Settlement Class Period" means the period commencing on August 16, 1999 and ending on June 10, 2002, inclusive.

ee. "Settling Parties" means, collectively, the Lead Plaintiffs, on behalf of themselves and the Members of the Settlement Class, and the Defendants.

ff. "Unknown Claims" means any Released Claims that any Lead Plaintiff or Settlement Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1452 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1452, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released

13

Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Class Action and any and all Released Claims as against all Released Persons.

3.     (a)     Upon the Effective Date of this Settlement, Lead Plaintiffs and all Members of the Class on behalf of themselves and each of their respective heirs, executors, administrators, legal representatives, predecessors, successors, parent companies, affiliates, transferees and assigns, and any Persons claiming (now or in the future) through or on behalf of them, shall, with respect to each and every Released Claim, be deemed to have, and by operation of the Judgment shall have fully and forever released, relinquished and discharged, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Persons.

(b)     Upon the Effective Date of this Settlement, the Defendants shall release and forever discharge all claims relating to the institution or prosecution of the Class Action by the Defendants and their counsel against the Plaintiff Releasees.

(c)     Upon the Effective Date of this Settlement, Lead Plaintiffs and all Members of the Class on behalf of themselves and each of their respective heirs, executors, administrators, legal representatives, predecessors, successors, affiliates, transferees and assigns, and any Persons claiming (now or in the future) through or on behalf of them, shall, with respect to each and every Released Claim, be deemed to have, and by operation of the Judgment shall have finally

and forever released, relinquished and discharged, and shall be enjoined from prosecuting, any claims arising from the release set forth in paragraph 3(b) hereof against the Plaintiff Releasees.

(d)     The parties hereby agree and stipulate, subject to approval of the Court, that the Settlement Class shall be certified for purposes of settlement only, under Rule 23 of the Federal Rules of Civil Procedure.

## THE SETTLEMENT CONSIDERATION

4.     Within fifteen (15) business days of the final execution of this Stipulation of Settlement, the Defendants shall cause the Insurer to pay the Settlement Amount into an interest bearing escrow account administered by the Escrow Agent provided that the Insurers shall have received appropriate wire transfer instructions from the Escrow Agent on or before five (5) business days of the date this Stipulation of Settlement is fully executed by the Lead Plaintiffs and the Defendants. In no event shall the Defendants be required to pay any amounts, other than as specified in the preceding sentence, to such Escrow Agent in payment of this Settlement. The Settlement Amount and any interest earned on the Settlement Amount after it is deposited into the escrow account shall be the Gross Settlement Fund.

5.     (a)     The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in paragraph 8 hereof, (ii) the attorneys' fee and expense award referred to in paragraphs 9 and 10 hereof and (iii) the remaining administration expenses referred to in paragraph 11 hereof. The balance of the Gross Settlement Fund after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in paragraphs 12-22 hereof. Any sums required to be held in escrow hereunder prior to the Effective Date shall be held by the Escrow Agent for the Gross Settlement Fund. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court

until such time as the funds shall be distributed, or returned to the person(s) paying the same pursuant to this Stipulation and/or further order of the Court. The Escrow Agent shall invest the funds in the Gross Settlement Fund in the manner provided in the Escrow Agreement dated October 5, 2009 between Defendants, Lead Plaintiffs, the Insurers and the Escrow Agent. The parties hereto agree that the Gross Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims Administrator, as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund. Defendants agree to reasonably cooperate with the Claims Administrator to provide information available to it that is needed for filing tax returns for the Gross Settlement Fund. The Claims Administrator shall timely make such elections as are necessary or advisable to carry out this paragraph 5(a), including making a "relation back election" as described in Treasury Regulation § 1.468B-1(j) to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and the Settling Parties shall take or cause to be taken such actions as may be necessary or appropriate in connection therewith. The Claims Administrator shall timely and properly file all information and other tax returns necessary or advisable with respect to the Gross Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns shall be consistent with this paragraph 5(a) and in all events shall reflect that all taxes on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided by paragraph 5(b) below.

(b)     All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively, "Taxes")

shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court, but subject to Court review. The Defendants and the Insurers shall have no liability or responsibility for the payment of any Taxes. The Gross Settlement Fund shall indemnify and hold the Defendants and the Insurers harmless for any Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

(c)    The Defendants and the Insurers shall bear no risks related to investment of the Gross Settlement Fund. All interest or other income earned by the Gross Settlement Fund in the Escrow Account shall become part of the Gross Settlement Fund in the Escrow Account and shall inure to and be for the benefit of the Settlement Class if the Effective Date occurs. If the Effective Date does not occur, all such interest shall inure to and be for the benefit of the Insurers and shall be returned to the Insurers in accordance with the provisions of paragraph 30 below. The Escrow Agent shall not disburse all or a portion of the Gross Settlement Fund except as provided in the Escrow Agreement between the Insurers, the Defendants and the Lead Plaintiffs.

## ADMINISTRATION

6.    The Claims Administrator shall administer this Settlement under Lead Counsel's supervision and subject to the jurisdiction of the Court. The Defendants and the Insurers shall have no liability, obligation or responsibility for the administration of this Settlement or disbursement of the Net Settlement Fund to any Person, including but not limited to, Class Members in connection with the Plan of Allocation, except for their obligation to pay the Settlement Amount as provided herein. The Administration of the Settlement includes, without limitation, investment, allocation and distribution of the Gross Settlement Fund, determination, payment or withholding of Taxes or any loss incurred in connection herewith and giving of notice. No Settlement Class Members, any other plaintiffs or plaintiffs' counsel shall have

claims against the Defendants, the Insurers or any related counsel. Neither the Defendants, the Insurers nor their counsel shall have any responsibility for, interest in or liability whatsoever with respect to investment or distribution of the Gross Settlement Fund, the Plan of Allocation, determination, administration or calculation of claims, payment or withholding of Taxes or any losses incurred in connection herewith.

7.     Prior to the distribution of the Net Settlement Fund, Plaintiffs' Lead Counsel shall present for the approval of the Court a final accounting of the receipts to and disbursements from the Net Settlement Fund and the proposed distribution of the Net Settlement Fund to Authorized Claimants. No such distribution shall be made in the absence of an order approving the accounting and the proposed distribution. That Order shall provide that payment from the Net Settlement Fund made pursuant to and in the manner set forth above shall be deemed conclusive of compliance with this Stipulation as to all Authorized Claimants. No Authorized Claimant shall have any claim against Lead Plaintiffs, Named Plaintiffs, the Claims Administrator, or any of their counsel, based on the distributions made substantially in accordance with this Stipulation and/or orders of the Court.

8.     All reasonable costs and expenses actually incurred in connection with providing notice to Members of the Class and administration of the Gross Settlement Fund, escrow fees, Taxes, custodial fees and expenses incurred in connection with processing Proof of Claim and Release forms or distributing the Net Settlement Fund ("Notice and Administration Costs"), shall be paid from the Net Settlement Fund. One million dollars ($1,000,000.00) of the Net Settlement Fund shall be allocated for the express purpose of providing notice of this Settlement and to administer this Settlement (the "Notice and Administration Fund") pursuant to the terms of the Preliminary Order to be issued by the Court, and funds maybe disbursed from the Notice and Administration Fund for these purposes without further approval of the Court. The Notice

and Administration Fund shall be administered by the Claims Administrator. After the Effective Date, Lead Plaintiffs' Counsel may withdraw such sums as are necessary from the Gross Settlement Fund to pay any additional reasonable Notice and Administration Expenses that remain unpaid after the exhaustion of the Notice and Administration Fund. Any such expenditures may be made without further order of the Court but shall be summarized in any motion seeking a Class Distribution Order (defined in paragraph 11 below). The Defendants will not oppose the withdrawal of sums from the Gross Settlement Fun to pay reasonable Notice and Administration Expenses pursuant to this paragraph. In the event that settlement reached between the Class and other defendants are combined ,with the Settlement for purposes of Notice and Administration, the cost shall be allocated pro rata among the respective settlement funds according to their value and only a proportionate share of such costs will be paid from the Settlement Amount. Any balance remaining in the Notice and Administration Fund after all costs of notice and administration are paid shall be returned to the Net Settlement Fund.

## ATTORNEYS' FEES AND EXPENSES

9. Lead Plaintiffs' Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees not to exceed twenty-five percent (25%) of the Gross Settlement Fund and reimbursement of costs and expenses. The attorneys' fees, expenses and costs, including the fees of experts and consultants, as awarded by the Court, shall be payable to the Plaintiffs' Counsel from the Gross Settlement Fund as ordered, after the Effective Date; provided, however, that the attorneys' fees, expenses, and costs shall be payable to the Plaintiffs' Counsel from the Gross Settlement Fund as ordered immediately after the Court executes an order awarding such fees and expenses, even if there is an appeal thereof, subject to the joint and several obligation of Lead Plaintiffs' Counsel to make appropriate refund repayments as more particularly set forth below. In the event that the Effective Date does not occur, or the Judgment

19

or the order making the fee and expense award is reversed or modified, or the Stipulation is terminated, and in the event that any fee and expense award has been paid to any extent, then Lead Plaintiffs' Counsel shall within ten (10) business days from receiving notice from the Defendants or from a court of appropriate jurisdiction, refund to the Gross Settlement Fund, any fees, expenses and costs previously paid or otherwise transferred to them from the Gross Settlement Fund plus interest thereon at the same rate as earned on the Gross Settlement Fund, (a) in the full amount if the Effective Date does not occur or the Stipulation is terminated, or (b) in such other amount corresponding to that portion of any fee and expense award that is reversed or modified. Lead Plaintiffs' Counsel, as a condition of receiving such fees and expenses, on behalf of themselves and each of their partners and/or shareholders, agree that the law firms and their partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph. Without limitation, each such law firm and its partners and/or shareholders agree that the Court may, upon application of the Defendants on notice to Lead Plaintiffs' Counsel, summarily issue orders, including but not limited to judgments and attachment orders, and may make appropriate findings of, or sanctions for, contempt against them should such law firm fail timely to repay such fees and expenses. The Defendants shall have no responsibility for and no liability with respect to payment of any attorneys' fees to Lead Plaintiffs' Counsel (which award shall be allocated at the discretion of such counsel) from the Gross Settlement Fund or with respect to the allocation of any award of attorneys' fees and expenses among Lead Plaintiffs' Counsel and/or any other Person who may assert a claim thereto, or any award of attorneys' fees or expenses that the Court may make in the Class Action. An award of attorneys' fees to Lead Plaintiffs' Counsel is not a necessary term of this Stipulation and it is not a condition of this Stipulation that Lead Plaintiffs' Counsel's application for attorneys' fees be approved. Under no circumstances shall any award of

attorneys' fees or expenses, or any proceeding or order related thereto, or any appeal from any order relating thereto or reversal or modification thereof, modify, terminate or cancel this Stipulation or affect or delay approval of the Settlement or finality of the Judgment approving the Stipulation and Settlement. If paid prior to the Effective Date of any order awarding attorneys' fees and costs, Lead Plaintiffs' Counsel shall provide, prior to such payment being made, an undertaking satisfactory to the Defendants and the Insurers (such as a Letter of Credit from a bank or other financial institution acceptable to the Defendants) to repay such fees to the Escrow Account if any order finally approving this Settlement, or awarding attorneys' fees or expenses and costs, is reversed or modified on appeal, or in the event that this Stipulation is terminated or canceled as provided herein or in any contemporaneous agreements identified to the Court pursuant to Federal Rule of Procedure 23(e)(2), or that the Effective Date does not occur.

10.    The disposition of Lead Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses described in paragraph 9 above is not a material term of this Stipulation and it is not a condition of this Stipulation that such application be granted. Any disapproval or modification of the application for an award of attorneys' fees and reimbursement of expenses by the Court shall not affect the enforceability of the Stipulation, provide any of the Parties with the right to terminate the settlement, or impose an obligation on the Defendants to pay any amount other than the Settlement Amount set forth in paragraph 4 herein.

## ADMINISTRATION EXPENSES AND DISTRIBUTION ORDER

11.    Lead Plaintiffs' Counsel will apply to the Court, on notice to the Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted

herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

12.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit B-1, or in such other Plan of Allocation as the Court approves).

13.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the Plan of Allocation be approved. Under no circumstances shall administration of the Plan of Allocation, or any proceeding or order related thereto, or any appeal from any order relating thereto or reversal or modification thereof modify, terminate or cancel this Stipulation or affect or delay approval of the Settlement or the finality of the Judgment approving the Stipulation and Settlement.

14.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all Authorized Claimants. The Defendants and the Insurers shall have no involvement in reviewing or challenging claims. If any funds remain in the Net Settlement Fund by reason, of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members who have cashed their checks and who would receive at least

22

$10.00 from such redistribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for profit, 501(c)(3) organization(s) designated by Lead Plaintiffs' Counsel.

15. Any Member of the Class who does not submit a valid Proof of Claim and Release will not be entitled to receive any of the proceeds from the Net Settlement Amount but will otherwise be bound by all of the terms of this Stipulation, including the terms of the Judgment to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

16. Lead Plaintiffs' Counsel shall be responsible for supervising the administration of this Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim and Release submitted in the interests of achieving substantial justice.

17. For purposes of determining the extent to which a Class Member shall be entitled to be treated as an Authorized Claimant, if at all, the following conditions shall apply:

(a) All Proofs of Claim and Release must be submitted by the date specified in the Notice unless such period is extended by Order of the Court. Any Class Member who fails to submit a valid Proof of Claim and Release by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim and Release by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation, including the terms of the Judgment to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a proof of Claim and Release shall be

deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim and Release shall be deemed to have been submitted when actually received by the Claims Administrator.

(b)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, who shall determine in accordance with this Stipulation the extent to which each claim shall be allowed, if at all, subject to review by the Court pursuant to paragraph 17(d) below.

(c)     Proofs of Claim and Release that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim and Release, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proof of Claim and Release submitted.   The Claims Administrator, under supervision of Lead Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim and Release it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of paragraph 17(d) below.

(d)     if any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in paragraph 17(c) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Plaintiffs' Counsel shall thereafter present the request for review to the Court. Any Claimant involved in such dispute whose

rejection is ultimately upheld by the Court shall be barred from participating in distributions from the Net Settlement Fund but otherwise shall be bound by all terms of this Stipulation, including the Judgment to be entered in the Class Action and the releases provided therein, and will be barred from bringing any action against any Released Persons concerning any Released Claims.

(e)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

(f)     Any Class Member who has previously submitted a proof of claim form in connection with any prior class action settlement(s) in this consolidated action which form was accepted by the Claims Administrator and who does not opt out of this Settlement shall be treated as an Authorized Claimant under the terms of the Settlement.

18.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Class Action or this Settlement in connection with processing of the Proofs of Claim and Release.

19.     The checks distributing the Net Settlement Fund to Authorized Claimants shall bear a legend in substantially the following language:

> By the endorsement of this check, the payee shall have warranted that the payee has not assigned or transferred any Released Claims against any Released Persons and shall have released all Released Claims against all Released Persons as those terms are defined in the Stipulation of Settlement dated as of _____.

20.     Payment to Authorized Claimants pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not

approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation, including the terms of the Judgment to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

21. All proceedings with respect to the administration, processing and determination of claims pursuant to this Stipulation and the determination of all controversies relating thereto, including disputes concerning questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court but are not part of the Settlement and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Under no circumstances shall the administration, processing and determination of claims described in the Stipulation, or any proceeding or order related thereto, or any appeal from any order relating thereto or reversal or modification thereof, modify, terminate or cancel this Stipulation or affect or delay approval of the Settlement or the finality of the Judgment approving the Stipulation and Settlement.

22. The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) this Settlement has become Final; (ii) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to attorneys' fees, costs and disbursements (other than any disputes as to allocation of such fees and expenses) have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

26

## TERMS OF ORDER FOR NOTICE AND HEARING

23. Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Lead Plaintiffs' Counsel and Defendants' Counsel jointly shall apply to the Court for entry of an Order Preliminarily Approving Final Settlement and Providing for Notice, substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

24. If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit D.

## RIGHT OF EXCLUSION FROM THE CLASS

25. Any Person may seek to be excluded from the Class and the Settlement provided for by this Stipulation by submitting a written request for exclusion as required in the Notice attached to this Stipulation as Exhibit B-1 and/or in the Summary Notice attached as Exhibit B-2. Any request for exclusion must be, postmarked or delivered by hand to Lead Plaintiffs' Counsel, Defendants' Counsel and the Claims Administrator twenty (20) days before the Final Hearing date established by the Court. Any Class Member so excluded shall not be bound by the terms of this Stipulation, nor entitled to any distribution from the Net Settlement Fund nor receive any payments or any other benefits, and shall not be bound by any Order and Final Judgment and/or other order of the Court entered herein, whether pursuant to this Stipulation or otherwise,

26. To retract or withdraw a request for exclusion, a Member of the Class must file a written notice with the Court stating that Person's desire to retract or withdraw his, her, or its request for exclusion and that Person's desire to be bound by all terms of this Settlement, including the judgment to be entered in the Class Action and all the releases provided therein, and to be barred from bringing any action against the Released Persons concerning the Released

27

Claims. The filing of such written notice may be effected by Lead Plaintiffs' Counsel. Lead Plaintiffs' Counsel shall promptly notify Defendants' Counsel of any retraction or withdrawal of a request for exclusion.

## RIGHT OF OBJECTION TO SETTLEMENT

27.     Any Class Member who does not exclude himself or herself or itself from the Class and this Stipulation shall have the right to submit written objections concerning the Settlement, and/or Lead Plaintiffs' Counsels' application for attorneys' fees, expenses and costs, which objections shall state all of the reasons for the objections (a mere statement that "I object" shall not be deemed sufficient). Any written objections and any briefs, affidavits or other evidence submitted in support thereof must be filed with the Clerk of the Court and served or Lead Plaintiffs' Counsel and Defendants' Counsel twenty (20) days before the Final Hearing date established by the Court. All Persons desiring to attend the Settlement Approval Hearing and be heard as objectors must have filed written objections as provided herein as a condition of appearing and being heard at such hearing. Any Class Member who does not timely file written objections to the Settlement pursuant to this paragraph 27 and the Notice shall not be permitted to object to the Settlement at the Settlement Approval Hearing and shall be foreclosed from objecting to, challenging or otherwise seeking review of the Settlement by appeal or otherwise, in this Class Action or in any other action, but otherwise shall be bound by all terms of this Stipulation, including the Judgment to be entered in the Class Action and all the releases provided therein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

## EFFECTIVE DATE OF SETTLEMENT WAIVER OR TERMINATION

28.     The Effective Date of Settlement shall be the first business day after the date on which the last of the following shall have occurred:

(a)   entry of the Preliminary Order Approving Final Settlement and Providing for Notice in all material respects in the form annexed hereto as Exhibit A;

(b)   approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(c)   entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit D annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement pursuant to the terms of this Stipulation or any contemporaneous agreements identified under Rule 23(e)(2) of the Federal Rules of Civil Procedure, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by writ of certiorari; and

(d)   distribution of settlement funds to each of the Plaintiffs in the Individual Actions pursuant to the Settlement Agreement between the Defendants and the Individual Plaintiffs.

29.   Defendants' Counsel, Lead Plaintiffs' Counsel and Counsel for the Insurers shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto and the Insurers within thirty (30) days of (a) the Court's declining to enter the Preliminary Order Approving Final Settlement and Providing for Notice in any material respect, (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in the form annexed hereto as Exhibit D in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court

of Appeals or the Supreme Court; (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (f) as provided in any contemporaneous agreement identified pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure. Finality of the Settlement shall not be conditioned on any ruling by the Court concerning the Plan of Allocation. Any order or proceedings relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the effectiveness or finality of the Judgment and the release of the Released Claims. At the Fairness Hearing, Lead Plaintiffs' Counsel may also request entry of an Order approving Lead Plaintiffs' Counsels' application for an award of attorneys' fees and expenses as set forth in the Notice sent to Class Members in connection with this Settlement. Any disapproval or modification of the application for an award of attorneys' fees and reimbursement of expenses by the Court shall not affect the enforceability of the Stipulation, provide any of the parties with the right to terminate the Settlement or impose an obligation on Defendants to increase the compensation paid in connection with the Settlement.

30. Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then, the parties to this Stipulation shall be deemed to have reverted to their respective status in the Class Action as of the date of this Stipulation, and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by the Insurers, together with any interest earned thereon, less any taxes due with respect to such interest earned, and less reasonable costs of Administration and Notice actually incurred pursuant to the terms of this Stipulation or as to which a legal obligation to pay has been incurred as of the date of such termination, shall be returned to Insurers within ten (10)

days after written notification of such event by Insurers to the Escrow Agent with a copy of such notice to Lead Plaintiffs' Counsel. In addition, the parties hereto agree to otherwise abide by any summary orders of the Court with respect to the return of funds.

## NO ADMISSION OF WRONGDOING

31.     Defendants have denied and continue to deny each and all the claims and contentions alleged by Lead Plaintiffs in the Class Action. Defendants expressly have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law, including all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged or that could have been alleged in the Class Action. Defendants state that they are entering into this Settlement to eliminate the burden and expense of further litigation. This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be:

(a)     offered or received against Defendants or against Lead Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by Defendants or by any of the Lead Plaintiffs or the Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that has been or could have been asserted in the Class Action or in any litigation or the deficiency of any defense that has been or could have been asserted in the Class Action or in any litigation or of any liability, negligence, fault or wrongdoing of Defendants;

(b)     offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants, Adelphia and/or any other defendant named in the Complaint or against the Lead Plaintiffs and the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c)    offered or received against Defendants or against Lead Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)    construed against Defendants or Lead Plaintiffs or the Classes as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received in evidence as an admission, concession or presumptions against Lead Plaintiffs or the Class that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

32.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

33.    In the event that the Settlement is terminated, the Mediator shall retain supervision of settlement negotiations between Defendants and the Lead Plaintiffs and the Class.

34.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Persons with respect to the Released Claims. Accordingly, Lead Plaintiffs and Defendants agree not to assert in any forum that the Class Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to

the prosecution, defense or settlement of the Class Action. The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

35.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest and approved by the Insurers.

36.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

37.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Plaintiffs' Counsel and enforcing the terms of this Stipulation. The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to any choice of law provision, except to the extent federal law governs.

38.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

39.     This Stipulation and its exhibits and any agreements identified to the Court pursuant to Federal Rule of Civil Procedure 23(e)(2) constitute the entire agreement among the parties hereto concerning the Settlement of the Class Action, and no representations, warranties or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents. In the event that there exists a

conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to be attached hereto, the terms of this Stipulation shall prevail.

40. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

41. This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

42. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

43. Lead Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement and to promptly agree upon and execute all such other documentation as maybe reasonably required to obtain final approval by the Court of the Settlement.

44. Lead Plaintiffs' Counsel and Defendants' Counsel agree to keep confidential and refrain from publicizing this Stipulation, or any of the terms or requirements hereof, until the Court has preliminarily approved the Settlement. All agreements made and orders entered during the course of the Class Action relating to the confidentiality of information shall survive this Stipulation.

45. Lead Plaintiffs' Counsel and Defendants' Counsel shall seek to have the Court enter, and the Court shall enter as a necessary condition of the Settlement, a settlement bar order

34

that constitutes the final discharge of all of the Released Persons' obligations with regard to the Class Action and that bars all future claims for indemnity or contribution against the Released Persons (or any other claim against the Released Persons where the injury to the Person asserting such claim is such Person's liability to Members of the Class), arising out of or reasonably flowing from the claims or allegations in the Class Action. The parties shall also submit to the Court a proposed order dismissing the Complaint with prejudice and without costs as against Defendants and shall request that the Court enter a Rule 54(b) certification with respect to Defendants.

46.  Notice to Defendants pursuant to this Stipulation shall be delivered to the following persons:

For John, Timothy, Michael and James Rigas:

Lawrence G. McMichael
Dilworth Paxson LLP
1500 Market Street 3500E
Philadelphia, PA 19102

For Peter Venetis:
Jeffrey T. Golenbock
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, NY 10022

For Erland Kailbourne, Dennis Coyle and Leslie Gelber:

Alvin B. Davis
Squire, Sanders & Dempsey L.L.P.
200 South Biscayne Boulevard
Suite 4000
Miami, FL 33141

For Pete Metros:

Stephen M. Kramarsky
Dewey Pegno & Kramarsky LLP
220 East 42nd Street
New York, NY 10017

For Michael C. Mulcahey

Mark J. Mahoney
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407

Notice to Lead Plaintiffs pursuant to this Stipulation shall be delivered to the following persons:

Judith L. Spanier
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street
New York, New York 10016

Richard L. Stone
KIRBY McINERNEY, LLP
825 Third Avenue
New York, NY 10016

Notice to the Insurers pursuant to this Stipulation shall be delivered to the following persons:

For Associated Electric & Gas Insurance Services, Ltd.:

Helen Lynch, Esq.
Associated Electric & Gas Insurance Services, Ltd.
One Meadowlands Plaza
Rutherford, New Jersey 07073

Michael R. Goodstein, Esq.
Bailey Cavalieri LLC
One Columbus
10 West Broad Street, Suite 2100
Columbus, Ohio 43215-3422

For Federal Insurance Company:

Irene Petillo, Esq.
Chubb & Son, a division of Federal Insurance Company
15 Mountain View Road
Warren, New Jersey 07059

Peter Bisio, Esq.
Hogan & Hartson LLP
555 Thirteenth Street, N.W.
Washington, DC 20004

For Greenwich Insurance Company

Steven J. Gladstone, Esq.
XL Professional
100 Constitution Plaza, 17th Floor
Hartford, Connecticut 06103

Leslie Ahari, Esq.
Troutman Sanders LLP
1660 International Drive Suite 600
McLean, VA 22102

47.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

DATED: _____

ABBEY SPANIER RODD & ABRAMS ,       KIRBY MCINERNEY, LLP
LLP

By: _____       By: _____

Arthur N. Abbey                     Richard L. Stone
Judith L. Spanier                   825 Third Avenue
212 East 39th Street                New York, NY 10022
New York, NY 10016
                                    Lead Counsel for Lead Plaintiffs
Lead Counsel for Lead Plaintiffs

DILWORTH PAXSON LLP                 GOLENBOCK EISEMAN ASSOR BELL &
                                    PESKOE LLP

By: _____       By: _____

Lawrence G. McMichael               Jeffrey T. Golenbock
1500 Market Street 3500E            437 Madison Avenue
Philadelphia, PA 19102              New York, NY 10022

Counsel for John, Timothy, Michael and   Counsel for Peter Venetis
James Rigas

37

For Greenwich Insurance Company

Steven J. Gladstone, Esq.
XL Professional
100 Constitution Plaza, 17th Floor
Hartford, Connecticut 06103

Leslie Ahari, Esq.
Troutman Sanders LLP
1660 International Drive Suite 600
McLean, VA 22102

47. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

DATED: ___8/18/09___

ABBEY SPANIER RODD & ABRAMS , LLP

By:_____

Arthur N. Abbey
Judith L. Spanier
212 East 39th Street
New York, NY 10016

Lead Counsel for Lead Plaintiffs

KIRBY MCINERNEY, LLP

By:_____
Mark A. Strauss
Richard L. Stone
825 Third Avenue
New York, NY 10022

Lead Counsel for Lead Plaintiffs

DILWORTH PAXSON LLP

By:_____

Lawrence G. McMichael
1500 Market Street 3500E
Philadelphia, PA 19102

Counsel for John, Timothy, Michael and James Rigas

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By:_____

Jeffrey T. Golenbock
437 Madison Avenue
New York, NY 10022

Counsel for Peter Venetis

37

For Greenwich Insurance Company

Steven J. Gladstone, Esq.
XL Professional
100 Constitution Plaza, 17th Floor
Hartford, Connecticut 06103

Leslie Ahari, Esq.
Troutman Sanders LLP
1660 International Drive Suite 600
McLean, VA 22102

47. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

DATED: _____

ABBEY SPANIER RODD & ABRAMS, LLP

By: _____

Arthur N. Abbey
Judith L. Spanier
212 East 39th Street
New York, NY 10016

Lead Counsel for Lead Plaintiffs

DILWORTH PAXSON LLP

By: _____

Lawrence G. McMichael
1500 Market Street 3500E
Philadelphia, PA 19102

Counsel for John, Timothy, Michael and James Rigas

KIRBY MCINERNEY, LLP

By: _____

Richard L. Stone
825 Third Avenue
New York, NY 10022

Lead Counsel for Lead Plaintiffs

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: _____

Jeffrey T. Golenbock
437 Madison Avenue
New York, NY 10022

Counsel for Peter Venetis

37

For Greenwich Insurance Company

Steven J. Gladstone, Esq.
XL Professional
100 Constitution Plaza, 17th Floor
Hartford, Connecticut 06103

Leslie Ahari, Esq.
Troutman Sanders LLP
1660 International Drive Suite 600
McLean, VA 22102

47. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

DATED: _____

| ABBEY SPANIER RODD & ABRAMS , LLP | KIRBY MCINERNEY, LLP |
|---|---|

By: _____    By: _____

Arthur N. Abbey                Richard L. Stone
Judith L. Spanier              825 Third Avenue
212 East 39th Street           New York, NY 10022
New York, NY 10016

                               Lead Counsel for Lead Plaintiffs
Lead Counsel for Lead Plaintiffs

DILWORTH PAXSON LLP            GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP

By: _____    By: _____

Lawrence G. McMichael          Jeffrey T. Golenbock
1500 Market Street 3500E       437 Madison Avenue
Philadelphia, PA 19102         New York, NY 10022

Counsel for John, Timothy, Michael and    Counsel for Peter Venetis
James Rigas

37

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _Alen B. A_

Alvin B. Davis
200 South Biscayne Boulevard
Suite 4000
Miami, FL 33141

Counsel for Erland Kailbourne, Dennis Coyle
and Leslie Gelber


HARRINGTON & MAHONEY

By: _____

Mark J. Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407

Counsel for Michael C. Mulcahey

DEWEY PEGNO & KRAMARSKY LLP

By: _____

Stephen M. Kramarsky
220 East 42nd Street
New York, NY 10017

Counsel for Pete Metros

SQUIRE, SANDERS & DEMPSEY L.L.P.

DEWEY PEGNO & KRAMARSKY LLP

By:_____

By:_____

Alvin B. Davis
200 South Biscayne Boulevard
Suite 4000
Miami, FL 33141

Stephen M. Kramarsky
220 East 42nd Street
New York, NY 10017

Counsel for Pete Metros

Counsel for Erland Kailbourne, Dennis Coyle
and Leslie Gelber


HARRINGTON & MAHONEY

By:_____

Mark J. Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407

Counsel for Michael C. Mulcahey

SQUIRE, SANDERS & DEMPSEY L.L.P.    DEWEY PEGNO & KRAMARSKY LLP

By:_____    By:_____

Alvin B. Davis                       Stephen M. Kramarsky
200 South Biscayne Boulevard      220 East 42nd Street
Suite 4000                     New York, NY 10017
Miami, FL 33141

Counsel for Erland Kailbourne, Dennis Coyle    Counsel for Pete Metros
and Leslie Gelber


HARRINGTON & MAHONEY

By:_____

Mark J. Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407

Counsel for Michael C. Mulcahey


SO ORDERED:

_____ 1/20/10

U.S.D.J.