**ABBEY SPANIER RODD & ABRAMS, LLP**
ATTORNEYS AT LAW

212 EAST 39TH STREET
NEW YORK, NEW YORK 10016
PHONE 212 889 3700
FAX 212 684 5191
www.abbeyspanier.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2010

JUDITH L. SPANIER
jspanier@abboyspanier.com

September 14, 2010

**MEMO ENDORSED**

RECEIVED IN CHAMBERS
SEP 1 4 2010
LAWRENCE M. McKENNA
USDJ    SDNY

BY FAX (212-805-7919)

Honorable Lawrence M. McKenna, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1604
New York, New York 10007-1312

Re:  In re Adelphia Communications Corp. Securities Litigation
     03 MD 1529 (LMM)

Dear Judge McKenna:

This firm and Kirby McInerney are co-Lead Counsel for Lead Plaintiffs in the above-referenced consolidated class action (the "class action"). We write to request an additional thirty day adjournment of the Rule 23 settlement hearing on a partial settlement of the Class's claims with certain officer and director defendants of Adelphia. The hearing was originally scheduled to be held on Thursday, June 10, 2010 and was adjourned at our request to September 23, 2010 at 10:00 a.m. Plaintiffs request that the hearing be adjourned until a date in late October convenient to the Court.

In January 2010, Lead Plaintiffs submitted for the Court's preliminary approval a proposed settlement between Lead Plaintiffs on behalf of the class, and defendants John J. Rigas, Timothy J. Rigas, Michael J. Rigas, James P. Rigas, Peter L. Venetis, Erland E. Kailbourne, Dennis P. Coyle, Leslie J. Gelber, Pete J. Metros and Michael C. Mulcahey. Included with the submission was the Statement pursuant to F. R. Civ. P. 23(e)(2) advising the Court that the parties had entered into a supplemental agreement allowing for the termination of the Settlement in the event of certain occurrences.

By order dated January 20, 2010, the Court preliminarily approved the proposed settlement, directed the dissemination of notice, set dates for objections and opt outs and set the June 10, 2010 final hearing date. A copy of the January 20, 2010 order is enclosed for the Court's convenience. Notice has been disseminated and the time for objections and opting out has passed. There are no objections to the settlement. However, the settlement administrator has received a number of opt outs from class members that would permit the defendants to terminate the settlement under the terms of the supplemental agreement referenced in the Rule 23(e)(2) statement.

The parties together with the mediator are continuing to use their best efforts to avoid the termination of the settlement. We are hopeful that an additional thirty day adjournment will

*[Handwritten annotation in right margin: Hearing adjourned to 10/15/10 at 10:00 a.m. So ordered. [signature] 9/14/10]*

ABBEY SPANIER RODD & ABRAMS, LLP

Honorable Lawrence M. McKenna, U.S.D.J.
September 14, 2010
Page 2

facilitate the parties' ability to work through the issues raised by the opt outs so that the settlement can be preserved and presented to the Court for final approval in late October 2010.

This is the second request for such an extension and all of the parties to the settlement agreement consent to the request.

There is no impediment to the adjournment of the hearing as the Court-approved Notice disseminated to the Class contemplated that such an adjournment might occur and provided for no additional notice under those circumstances. In any event, plaintiffs would post the adjourned date for the hearing on the website dedicated to the settlement. No other dates in the Court's January 20, 2010 order are affected by the requested adjournment.

In the event that there are any questions regarding this request, we are available at the Court's convenience to address them.

Respectfully submitted,

ABBEY SPANIER RODD & ABRAMS, LLP

By: _____
Judith L. Spanier

KIRBY MCINERNEY, LLP

By: _____
Mark A. Strauss

JLS/sab
Enclosure

cc: All Counsel on Service List (via e-mail w/o enclosures)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ADELPHIA COMMUNICATIONS CORPORATION SECURITIES AND DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>Consolidated Class Action Complaint (Nos. 03-CV-5755; 03-CV-5756; 03-CV-5757; 03-CV-5758; 03-CV-5759; 03-CV-5761; 03-CV-5762; 03-CV-5763; 03-CV-5764; 03-CV-5765; 03-CV-5766; 03-CV-5768; 03-CV-5769; 03-CV-5771; 03-CV-5774; 03-CV-5775; 03-CV-5776; 03-CV-5778; 03-CV-5780; 03-CV-5781; 03-CV-5783; 03-CV-5784; 03-CV-5785; 03-CV-5786; 03-CV-5787; 03-CV-5790; 03-CV-5791; 03-CV-5792). | 03 - MD - 1529 (LMM)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 1/20/2010 |

### [PROPOSED] ORDER PRELIMINARILY APPROVING FINAL SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a putative class action (the "Class Action") is pending in this Court as part of a consolidated action styled In re Adelphia Communications Corporation Securities and Derivative Litigation, Civil Action No. 03 MD 1529; and

WHEREAS the parties, having made application pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order approving Settlement of the Class Action, in accordance with a Stipulation and Agreement of Settlement dated as of August 18, 2009 (the "Stipulation"), which, together with the Exhibits annexed thereto and the Supplemental Agreement identified to the Court pursuant to Rule 23(e)(2), sets forth the terms and conditions for a proposed Settlement of the Class Action and for dismissal of the Class Action and the Released Claims against defendants John J. Rigas, Timothy J. Rigas, Michael J. Rigas, James P. Rigas, Peter L. Venetis,

Erland E. Kailbourne, Dennis P. Coyle, Leslie J. Gelber, Pete J. Metros and Michael C. Mulcahey (collectively the "Defendants"); and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court certifies the Settlement Class for settlement purposes only. The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the proposed Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) Lead Plaintiffs' Counsel have fairly and adequately represented the interests of the Settlement Class; (f) questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. The Court preliminarily approves the Stipulation and the Settlement set forth therein as being fair, just, reasonable and adequate as to Settlement Class Members and in the best interests of the Class, subject to notice to the Settlement Class and further consideration at the Fairness Hearing described below.

3. A hearing (the "Fairness Hearing") shall be held before this Court on _JUNE 10_, ~~2009~~ 2010, at _10: 00_ a.m., at the United States District Court for the Southern.

2

District of New York, 500 Pearl Street, New York, New York, 10007-1312, to determine: (a) whether the proposed Settlement of the Class Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate as to the Class and should be approved by the Court; (b) whether a Judgment as provided for in the Stipulation should be entered herein, (c) the amount of fees and expenses that should be awarded to Lead Plaintiffs' Counsel; (d) whether the Plan of Allocation proposed by Lead Plaintiffs should be approved by the Court; and (e) whether the Class Action should be dismissed on its merits with prejudice and without costs as against Defendants and the Released Persons as provided in the Stipulation. The Court may adjourn the Fairness Hearing without further notice to Members of the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Summary Notice and the Proof of Claim and Release Form ("Proof of Claim and Release") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in paragraphs 5 and 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Lead Plaintiffs' Counsel are hereby authorized to retain the firm of Valley Forge Administrative Services ("Claims Administrator") to supervise and administer the notice procedure, file tax returns and process claims as more fully set forth below:

(a) Within ten (10) business days of the date of this Order, Lead Plaintiffs' Counsel shall launch a website available to the public containing the Complaint, the Stipulation, the Notice and any other publicly filed documents Lead Plaintiffs' Counsel shall deem appropriate;

(b) Within thirty (30) days of the date of this Order, (the "Notice Date"), Lead Plaintiffs' Counsel shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-3 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort by Lead Plaintiffs' Counsel;

(c) Within forty-five (45) days of the date of this Order, Lead Plaintiffs' Counsel shall cause the Summary Notice annexed as Exhibit A-2 hereto to be published once in the national edition of the Wall Street Journal and once in the New York Times; and

(d) At least seven (7) calendar days prior to the Fairness Hearing, Lead Plaintiffs' Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of the mailing and publishing of the Notice required herein.

6. Nominees who purchased securities of Adelphia for the benefit of another Person during the period between August 16, 1999, and June 10, 2002, inclusive, shall be requested to send the Notice and the Proof of Claim and Release to all such beneficial owners, shall, within ten (10) business days after receipt thereof, either (1) send a list of the names and addresses of such beneficial owners to the Claims Administrator, or (2) request from the Claims Administrator additional copies of the Notice and Proof of Claim and Release and within seven (7) days mail the Notice and Proof of Claim and Release to such beneficial owners. If a nominee chooses to follow alternative procedure (2), such nominee shall send a statement to the Administrator confirming that the mailing was made as directed

7. Any Person falling within the definition of the Class who desires to request exclusion from the Class shall do so by mailing or delivering by hand a written notice of exclusion in the form set forth in the Notice to the Claims Administrator no later than forty (40

days before the Fairness Hearing. Within three (3) business days of receipt by the Claims Administrator of any request for exclusion, the Claims Administrator shall provide copies of such request to Lead Plaintiffs' Counsel and Defendants' Counsel. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth herein and in the manner described in the Notice.

8. Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked or delivered by hand no later than one hundred twenty (120) days after the Fairness Hearing. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be forever barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall be bound by all of the terms of the Stipulation and Settlement, including the terms of the Judgment to be entered and the releases provided for therein, and shall be deemed to have and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged, and thereby be barred and enjoined from asserting any Released Claims against, Defendants and the Released Persons or bringing any actions against the Released Persons concerning the Released Claims.

9. All Members of the Class shall be bound by all determinations and judgments in the Class Action concerning the Stipulation and the Settlement, including, but not limited to, the terms of the Judgment to be entered and the releases provided for therein, whether favorable or unfavorable to the Class.

10. Any Members of the Class may enter an appearance in the Class Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Plaintiffs' Counsel.

11. All proceedings against Defendants in the Class Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Plaintiffs, the Lead Plaintiffs nor any Class Member, either directly, representatively or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims. This injunction shall not apply with respect to the Individual Actions set forth in the Stipulation.

12. Any Member of the Class may appear and show cause, if he, she or it has any reason why the Stipulation and Settlement (and the releases contained therein) should or should not be approved or a judgment entered thereon; why the proposed Plan of Allocation. should or should not be adopted or why the attorneys' fees and the reimbursement of expenses should or should not be awarded to Lead Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest any of the above enumerated matters unless such Class Member follows the procedures set forth in the Notice. No later than forty (40) days prior to the Fairness Hearing, written objections, papers and briefs must be filed with the Clerk of the United States District Court for the Southern District of New York, with copies postmarked or delivered by hand to:

Arthur N. Abbey
Judith L. Spanier
ABBEY SPANIER RODD & ABRAMS, LLP
212 East 39th Street

6

New York, NY 10016

-and-

Mark Strauss
KIRBY McINERNEY, LLP
825 Third Avenue
New York, NY   10022

**Lead Plaintiffs' Counsel**

-and-

For John, Timothy, Michael and James Rigas:

Lawrence G. McMichael
Dilworth Paxson LLP
1500 Market Street 3500E
Philadelphia, PA 19102

For Peter Venetis:
Jeffrey T. Golenbock
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, NY 10022

For Erland Kailbourne, Dennis Coyle and Leslie Gelber:

Alvin B. Davis
Squire, Sanders & Dempsey L.L.P.
200 South Biscayne Boulevard
Suite 4000
Miami, FL 33141

For Pete Metros:

Stephen M. Kramarsky
Dewey Pegno & Kramarsky LLP
220 East 42nd Street
New York, NY 10017

For Michael C. Mulcahey

Mark J. Mahoney
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407

13. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Stipulation and proposed Settlement, the Plan of Allocation, the award of attorneys' fees and expenses to Lead Plaintiffs' Counsel, the Judgment to be entered and the releases provided therein unless otherwise ordered by the Court.

14. Any Plan of Allocation of the Settlement Fund including, but not limited to, any adjustments to any Authorized Claimant's claim or application for Lead Plaintiffs' Counsel's fees and expenses is not a part of the Stipulation of Settlement or this Preliminary Order and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation or Lead Plaintiffs' Counsel's fees and expenses shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement herein or any other order entered pursuant to the Stipulation. Neither Defendants nor the Released Persons participated in drafting, creating or negotiating the Plan of Allocation. Any order or proceedings relating to the Plan of Allocation or application for Lead Plaintiffs' Counsel's fees and expenses, or any appeal therefrom or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment and the Settlement of the Class Action.

15. Neither Defendants, their Insurers nor the other Released Persons nor their counsel shall have any responsibility for, interest in or liability whatsoever to any Person,

including, without limitation, to any Settlement Class Members, the Settlement Class, Claimants, Authorized Claimants, Lead Plaintiffs or Lead Plaintiffs' Counsel with respect to the Settlement Amount (except as stated in paragraph 16 hereof), any investment or distribution of the Settlement Fund, the proposed or actual Plan of Allocation, the determination, administration or calculation of claims, final awards and supervision and distribution of the Settlement Fund as set forth in the Stipulation or any application for attorneys' fees and reimbursement of expenses, the payment or withholding of taxes or any losses incurred in connection with any such matters; and any Person, including, without limitation, the Settlement Class Members, the Settlement Class, Claimants, Authorized Claimants, Lead Plaintiffs and Lead Plaintiffs' Counsel, shall have no claims against the Released Persons or their counsel in connection therewith. The Released Persons shall have no responsibility for and no liability whatsoever with respect to the Settlement. In no event will Defendants or their Insurers be responsible for payment of any amount except the Settlement Amount that they agreed to pay in the Stipulation.

16. In the event that the Stipulation should terminate, or be cancelled, or otherwise fail to become effective for any reason, or the Effective Date does not occur as provided in the Stipulation, including without limitation in the event that the Judgment is reversed, modified or vacated following any appeal taken therefrom, then the parties to the Stipulation shall be deemed to have reverted to their respective status in the Class Action as of the date of the Stipulation, and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by Defendants' Insurers, together with any interest earned thereon, less any taxes due with respect to such interest earned; and less reasonable costs of Administration and Notice actually incurred pursuant to the terms of this Stipulation or as to which a legal

obligation to pay has been incurred as of the date of such termination, shall be returned within ten (10) days after written notification of such event by Defendants or their Insurers to the Escrow Agent with a copy of such notice to Lead Plaintiffs' Counsel. The parties shall abide by any summary orders of the Court with respect to the return of funds to Defendants' Insurers. Neither Lead Plaintiffs nor Lead Plaintiffs' Counsel shall oppose or object to the return of the Gross Settlement Fund pursuant to the terms of the Stipulation or to entry or an order, if necessary, to return the Gross Settlement Fund to Defendants' Insurers.

17. The transfer of the Settlement Amount to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Lead Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Gross Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

18. All funds held by the Escrow Agent shall be deemed and considered to be in <u>custodia legis</u> of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further Order(s) of the Court.

19. Defendants shall not have any responsibility for any application for attorneys' fees or reimbursement of expenses submitted by Lead Plaintiffs' Counsel.

20. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses shall be approved.

21. All reasonable costs incurred in identifying and notifying class members, as well as in administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court or otherwise fails to become effective,

neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay to Defendants or their Insurers the reasonable and actual costs of class notice and of administration.

22. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

23. Papers in support of the Settlement, any proposed plan of allocation submitted to the Court for approval and Lead Counsel's application, if any, for attorneys' fees and payment of expenses shall be submitted on or before five (5) business days before the Fairness Hearing.

IT IS SO ORDERED.

_____
THE HONORABLE LAWRENCE M. MCKENNA
UNITED STATES DISTRICT JUDGE

_____1/20/10_____
DATE