```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x
                                     :
IN RE ADELPHIA COMMUNICATIONS        :   03 MDL 1529 (LMM)
CORPORATION SECURITIES AND           :
DERIVATIVE LITIGATION                :   MEMORANDUM AND ORDER
                                     :
-------------------------------------x
                                     :
THIS MEMORANDUM AND ORDER APPLIES TO:
04 Civ. 10252 & 05 Civ. 4055         :
                                     :
-------------------------------------x
```

McKENNA, D.J.

**1.**

The plaintiffs in two cases transferred to this district for inclusion in the above multidistrict litigation -- <u>Los Angeles County Employees Retirement Association v. Motorola, Inc.</u> (04 Civ. 10252) (<u>LACERA</u>"), and <u>AIG DKR Soundshore Holdings, Ltd. v. Scientific-Atlantic, Inc.</u> (05 Civ. 4055) ("<u>AIG</u>") -- move for remand to the courts from which they were removed, respectively the Superior Court of the State of California, Los Angeles County, and the Superior Court of Georgia, Fulton County.  Neither case includes claims under federal law.

**2.**

In 2005, the Court denied a motion by the plaintiffs for remand on the ground that this Court had "related to" jurisdiction over the cases under 28 U.S.C. § 1334(b), in that the cases were related to the bankruptcy of Adelphia Communications Corporation

and its subsidiaries. <u>Adelphia Comm. Corp. Sec. & Deriv. Litig.</u>, 2005 WL 1404798, at *2 (S.D.N.Y. June 14, 2005).[1] The underlying bankruptcy, however, is now concluded. <u>See</u> First Modified Fifth Amended Joint Chapter 11 Plan for Adelphia Communications Corporation and Certain of it Affiliated Debtors, dated as of January 5, 2007.

In these circumstances, the decision whether or not jurisdiction should be retained over state claims such as those in the present cases is committed to the discretion of the court, <u>In re Porges</u>, 44 F.3d 159, 162 (2d Cir. 1995), after consideration of four factors: "judicial economy, convenience to the parties, fairness and comity." <u>Id.</u> at 163 (citations omitted). Here, the <u>Porges</u> factors strongly suggest remand.

As to judicial economy, remand will not waste resources already expended by the parties or this Court. <u>See</u> <u>Porges</u>, 44 F.3d at 163. Any completed discovery can be used in the state courts. Nor are the parties being unfairly required to relitigate anything. <u>See</u> <u>Porges</u>, 44 F.3d at 163.

As to convenience, no showing has been made that litigation in California or Georgia will be any less convenient

---

[1] The Court also denied motions for permissive abstention, 28 U.S.C. § 1334(c)(1), equitable remand, <u>id.</u> 1452(b), and mandatory abstention, <u>id.</u> 1334(c)(2). <u>Adelphia Comm. Corp. Sec. & Deriv. Litig.</u>, 2005 WL 1404798, at <u>id.</u>

than in New York. And comity will be served in that, upon remand, the cases will be tried in <u>fora</u> whose substantive law will be applicable.

Nor does the Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 77p(b)-(c), and 78bb(f)(1)-(2) provide an independent basis of federal jurisdiction, because, as this Court held in decisions in these cases dated August 5, 2009 and December 21, 2009, now law of the case, the claims in the cases are not asserted in a covered class action. <u>Adelphia Comm. Corp. Sec. & Deriv. Litig.</u>, 2009 WL 2407835, at *2 (S.D.N.Y. Aug. 5, 2009) (LACERA), and 2009 WL 4928806 (S.D.N.Y. Dec. 21 2009) (<u>AIG</u>).

**3.**

These cases are remanded (i) LACERA (04 Civ. 10252) to the Superior Court of the State of California, and (ii) <u>AIG</u> (05 Civ. 4055) to the Superior Court of Georgia, Fulton County.

SO ORDERED.

Dated: November 22, 2010

Lawrence M. McKenna
U.S.D.J.