```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
                                    :
IN RE ADELPHIA COMMUNICATIONS       :   03 MDL 1529 (LMM)
CORPORATION SECURITIES AND          :
DERIVATIVE LITIGATION               :   MEMORANDUM AND ORDER
                                    :
------------------------------------x
                                    :
THIS DOCUMENT RELATES TO            :
03 Civ. 5751                        :
                                    :
------------------------------------x
```

McKENNA, D.J.,

**1.**

This action -- <u>Franklin Strategic Income Fund, et al. v. John Rigas, et al.</u> (03 Civ. 5751) -- was filed in the Superior Court of the State of California for the County of Los Angeles, Central District, removed to the United States District Court for the Central District of California, and transferred to this district for inclusion in the above-identified multidistrict litigation.

Defendant Deloitte & Touche LLP ("Deloitte") moves, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the state law claims against Deloitte of the Amended Complaint ("AC"). Those claims are: Count VIII (for professional negligence); Count IX (for common law fraud); and Count XIII (for violation of California Corporations Code § 25504.2). The parties both argue under California law. (<u>See</u>, <u>e.g.</u>, Def. Mem. at 9; Pl. Mem. at 70.)

On a Rule 12(b)(6) motion the court must accept "all factual allegations in the complaint" as true and draw "all reasonable inferences in the plaintiff's favor." ATSI Commc'ns, Inc. v. The Shaar Fund, Ltd. 493 F.3d 87, 98 (2d Cir. 2007) (citing Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000). Where, as here, fraud is alleged, Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud or mistake") applies as well.

### 2.

Deloitte argues (Def. Mem. at 1) that plaintiffs' state law claims are preempted by the National Securities Markets Improvement Act of 1996 ("NSMIA") and the Securities Litigation Uniform Standards Act ("SLUSA"). The argument, however, is not persuasive. Notwithstanding the NSMIA, "states retain the ability to protect investors through application of state anti-fraud laws." Zuri-Invest AG v. Natwest Finance Inc., 177 F. Supp. 2d 189, 193 (S.D.N.Y. 2001). SLUSA "precludes plaintiffs from filing certain class actions in state courts that allege fraud in connection with the purchase or sale of nationally traded securities," Romano v. Kazacos, 609 F.3d 512, 515 (2d Cir. 2010), but, "under SLUSA, plaintiffs can still bring state law claims alleging fraud in connection with transactions in covered securities in state court so long as they pursue their claims individually or as part of a

class numbering fifty or less." Id. at 519 n.2 (citation omitted). There are thirteen plaintiffs in the present case.  (AC ¶ 15.)

**3.**

Count VIII of the AC alleges that Deloitte was professionally negligent in its audit of the financial statements of Adelphia for the years 1999 and 2000, and the first three-quarters of 2001.  (AC ¶¶ 269 & 270.)

The California Supreme Court, in Bily v. Arthur Young & Co., 834 P.2d 745 (Cal. 1992) (en banc) considered the categories of plaintiff able to recover for an auditor's professional negligence, relying, in large measure, on Restatement (Second) of Torts, § 552.  Id. at 769.

Here, the AC alleges that Deloitte "knew and intended that its reports concerning Adelphia's financial statements would be distributed to prospective purchasers of the Bonds and that such purchasers would rely, and had a right to rely, upon the information provided by Deloitte concerning the financial condition of Adelphia in making its investment decisions."  (AC ¶ 408.)

The Bily court concluded that "an auditor owes no general duty of care regarding the conduct of an audit to persons other than the client."  Id. at 747.  It added that "[a]n auditor may, however, be held liable for negligent misrepresentations in an audit report to those persons who act in reliance upon those

representations in a transaction which the auditor intended to influence, in accordance with the rule of section 522 of the Restatement of Torts. . . ." Id. The court characterized section 522 as "generally impos[ing] liability on suppliers of commercial information to third persons who are intended beneficiaries of the information." Id. at 752. The court, however, "decline[d] to permit all merely foreseeable third party users of audit reports to sue the auditor on a theory of professional negligence." Id. at 761.

The Ninth Circuit, in Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192 (9th Cir. 2001), explained Bily:

> Bily creates an objective standard that looks to the specific circumstances to ascertain whether a supplier of information has undertaken to inform and guide a third party with respect to an identified transaction or type of transaction. If such a specific undertaking has been made, liability is imposed on the supplier. If, on the other hand, the supplier "merely knows of the ever-present possibility of repetition to anyone, and possibility of action in reliance upon [the information] on the part of anyone to whom it may be repeated," the supplier bears no legal responsibility. Liability is limited to those "whom the engagement is designed to benefit in order to allow the supplier of information to ascertain the potential scope of its liability and make rational decisions regarding the undertaking. Therefore, in order to recover under a theory of negligent misrepresentation, the plaintiff must be an intended beneficiary of the contract. Her reliance on the report is otherwise not justified."

273 F.3d at 1200, n.3 (citing Bily, 834 P.2d 745 citing Rest. 2d

4

Torts § 552, com. (h), and quoting <u>Lincoln Alameda Creek v. Cooper Industries Inc.</u>, 829 F.Supp. 325, 330 (N.D. Cal. 1992)).

Here, the AC does not allege "specific circumstances" from which it may be ascertained that the "supplier of information [the auditor] has undertaken to inform and guide a third party with respect to an identified transaction or type of transaction," <u>Glenn K. Jackson</u>, 273 F.3d at 1200 n.3.

The present AC does not satisfy the requirements of <u>Bily</u> and <u>Glenn K. Jackson</u>. Accordingly, Count VIII is dismissed, with leave, however, to replead within 21 days of the date hereof, if that can be done consistently with Fed. R. Civ. P. 11.

**4.**

Count IX of the AC alleges common law fraud. Under California law, "[a] cause of action for fraud requires the plaintiff to prove (a) a knowingly false representation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." <u>Glenn K. Jackson</u>, 273 F.3d at 1201 (quoting <u>Wilkins v. Nat'l Broadcasting Co., Inc.</u>, 84 Cal.Rptr.2d 329, 338 (1999)).

The circumstances of the alleged fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). That means that courts "require the complaint 'to allege facts that give rise to a strong

inference of fraudulent intent.'" In re Carter-Wallace Inc. Sec. Litig., 220 F.3d 36, 39 (2d Cir. 2000) (quoting Shields v. Cititrust Bancorp., 25 F.3d 1124, 1128 (2d Cir. 1993)). "A 'strong inference of fraudulent intent' may be established either '(a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" Id. (quoting Shields at id.)[1]

While the AC alleges that Deloitte breached its duties under GAAS and GAAP and of reasonable care "knowingly, wantonly, recklessly, or at least negligently" (AC ¶ 407), that allegation is far too conclusory to satisfy the pleading requirements of Fed. R. Civ. P. 9(a) just described.  Accordingly, Count IX is dismissed, with leave however, to replead within 21 days of the date hereof, if that can be done consistently with Fed. R. Civ. P. 11.

5.

Count XIII alleges the violation of California Corporations Code § 25504.2.

"The Ninth Circuit has held that liability under section 25401 is limited to actual sellers, so that strict privity is required.  Because the causes of action provided for in sections

---

[1] Neither plaintiffs nor Deloitte have cited a case decided under California law on requirements of pleading scienter in common law fraud case.

25501, 25504, 25504.1 and 25504.2 are by their terms derived from section 25401, a failure to show strict privity will defeat these derivative claims." Lubin v. Sybedon Corp., 688 F. Supp. 1425, 1453 (S.D. Cal. 1988) (citing S.E.C. v. Seaboard Corp., 677 F.2d 1289, 1296 (9th Cir. 1982), and In Re Diasonics Sec. Litig., 599 F. Supp. 447, 459 (N.D. Cal. 1984)). See also, Mirkin v. Wasserman, 858 P.2d 568, 581 (Cal. 1993); Employers Ins. of Wausau v. Musick, Peeler & Garrett, 871 F. Supp. 381, 387 (S.D. Cal. 1994).

Accordingly, Count XIII is dismissed, without leave to replead.

### 6.

Counts VIII, IX and XIII are dismissed, Counts VIII and IX with leave to replead, Count XIII without leave to replead.[2]

Dated: November 4, 2011

SO ORDERED.

Lawrence M. McKenna
U.S.D.J.

---

[2] Counsel are to confer and report to the Court in writing within 10 days of the date hereof as to what discovery must be done and how long it is expected to take.