# EXHIBIT 2

# BINDING ADR AGREEMENT

This Binding ADR Agreement ("Agreement") is agreed to and entered by and between Buchanan Ingersoll & Rooney PC, on behalf of itself and, to the extent legally empowered to do so, each and every one of its current and former shareholders, agents, attorneys, and employees (collectively, "Buchanan") and each of the undersigned claimants ("Claimant" or "Claimants") (collectively, the "Parties").

## RECITALS

WHEREAS, prior to June of 2002, Buchanan served as outside counsel to Adelphia Communication Corporation and various of its subsidiaries (collectively "Adelphia");

WHEREAS, in connection with Buchanan's representation of Adelphia, certain existing and potential claims have been or may be asserted against Buchanan by various individuals and entities;

WHEREAS, Buchanan has been named by various plaintiffs as a defendant in multiple cases consolidated at *In re: Adelphia Communications Corporation Securities and Derivative Litigation*, 03-MD-1529 (S.D.N.Y.) (the "MDL Proceedings"), to which Buchanan responded in motions to dismiss;

WHEREAS, Buchanan has entered into agreements tolling the statute of limitations period applicable to potential claims against Buchanan by various additional parties and may also be subject to other claims or liabilities;

WHEREAS, due to the anticipated time and expense associated with a defense of the claims referenced above and the fact that there are many potential claims against Buchanan, Buchanan wishes to settle all claims and liabilities of whatever nature that have been or could be asserted against Buchanan arising in any way, directly or indirectly, out of its representation of Adelphia;

WHEREAS, at the direction of The Honorable Lawrence McKenna of the United States District Court for the Southern District of New York, The Honorable Daniel Weinstein (Ret.) shall conduct a binding process by which Claimants' claims against Buchanan are resolved fully and finally (the "Allocation Process");

WHEREAS, to facilitate the settlement of existing and potential claims against it, Buchanan has secured the participation of its insurance carriers and the insurance carriers' agreement to pay a total of Forty Million Dollars ($40,000,000) to fund the Allocation Process (the "Allocation Process Funds");

WHEREAS, Claimants and Buchanan desire to participate in the Allocation Process and agree to the terms, procedures, and conditions enumerated below; and

NOW THEREFORE, in consideration of the foregoing recitals and the mutual promises contained in this Agreement, and other good and valuable consideration the legal sufficiency of which is hereby acknowledged, and without the admission of any liability or wrongdoing, each

of the Parties, intending to be legally bound, understands, agrees, and resolves as follows:

## COMMITMENT TO BINDING ALLOCATION

1. Upon execution of this Agreement (the "Effective Date"), Buchanan and Claimants hereby agree to the terms and conditions of binding allocation and resolution set forth herein. The purpose of this Allocation Process is to arrive at a resolution of any and all existing and/or potential direct, indirect, contribution, or other claims or liabilities of whatever nature that have been or could be asserted against Buchanan in a cooperative and informal manner.

2. Claimants and Buchanan agree and commit to participate in the Allocation Process outlined herein in a good faith effort to resolve and conclude all existing and potential claims against Buchanan. Claimants hereby agree to submit any and all existing and/or potential direct, indirect, contribution, or other claims or liabilities of whatever nature that have been or could be asserted against Buchanan to the Allocation Process set forth below.

3. A complete list of the Claimants eligible to participate in the Allocation Process is attached to this Agreement as Exhibit A. As of the Effective Date of this Agreement, Claimants and Buchanan agree that they will not withdraw from the Allocation Process set forth herein even if some of the eligible Claimants listed in Exhibit A elect not to participate in the Allocation Process (the "Non-Participants"). Notwithstanding the foregoing sentence, in the event that the undersigned Claimant the Adelphia Recovery Trust (the "Trust") does not obtain approval from the Bankruptcy Court for the Southern District of New York to participate in the Allocation Process in settlement of its claims against Buchanan, then Buchanan, the Trust, and all other Claimants may withdraw from the Allocation Process. Judge Daniel Weinstein shall, in his sole discretion, determine the amount, if any, to be awarded to each Claimant in the Allocation Process (an "Allocation Award"). Buchanan may seek an Allocation Award for each Non-Participant's claim (a "Buchanan ADR Award") and, in determining the amount, if any, of such Buchanan ADR Award, Judge Weinstein may, at his discretion, consider a reasonable cost to defend and resolve the claim of such Non-Participant. Judge Weinstein shall keep the Buchanan ADR Awards confidential until all Non-Participants' claims are resolved, at which time Buchanan shall provide Judge Weinstein with a copy of the settlement agreements, dismissals, judgments or other resolution of the Non-Participants' claims and Judge Weinstein shall release the Buchanan ADR Awards. In the event that the Buchanan ADR Awards in the aggregate are greater than the amount, including reasonable defense costs, actually incurred by Buchanan to resolve the claims of any and all Non-Participants (the "Resolution Amount"), the Buchanan ADR Awards shall be reduced to the Resolution Amount and the remainder shall be distributed among the Claimants in proportion to the amount of their respective Allocation Awards.

4. Claimants and Buchanan agree that after an Allocation Award is issued and, in the case of the Class Action Claimants, the supervising court approves the Class Action Claimants' Allocation Award, the Parties shall exchange mutual releases of all claims, as provided for in Paragraphs 10 and 11.

5. The Allocation Process Funds shall be the sole source of funds for the Allocation Awards, and the Allocation Awards, including any Buchanan ADR Awards and the ML Media Award (defined below) shall, in the aggregate, equal the full amount of Allocation Process Funds

after the deduction of Judge Weinstein's fee and expenses. Buchanan and its insurers shall deposit an amount equal to the Allocation Awards, less any Buchanan ADR Awards and any Allocation Award to the Trust, into an Escrow Account within ten (10) business days of Judge Weinstein announcing the Allocation Awards. Within five (5) business days of all necessary releases being executed and all necessary court approvals, if any, being obtained, a Claimant will be paid its Allocation Award from the Escrow Account.

## ALLOCATION PROCESS

6. The Allocation Process will first require the mutual consideration and review of Claimants' existing and/or potential claims against Buchanan by Judge Weinstein, the Claimants, and Buchanan. Notwithstanding any other provision of this Agreement, Judge Weinstein may conduct preliminary, organizational, and/or scheduling conferences at his discretion. Judge Weinstein will (a) review written information submitted by the Claimants, (b) participate in private, confidential conversations with the Claimants to develop information about the Claimants' contentions and objectives, and (c) conduct one or more sessions with representatives of the Claimants, Buchanan, and their counsel. Judge Weinstein may at his discretion discuss the positions and claims with Buchanan. The Parties will follow Judge Weinstein's recommendation regarding the agenda and process most likely to resolve the dispute. The Parties agree that the Allocation Process will be scheduled to conclude no later than November 16, 2012.

7. In December 2009, Buchanan and ML Media Partners, L.P. entered into a settlement agreement resolving ML Media's claims against Buchanan (the "ML Media Settlement"). For purposes of the Allocation Process, Buchanan may seek an Allocation Award with respect to ML Media's claims against it; provided, however, that in no event shall the ML Media Award be greater than the amount paid previously by Buchanan to settle ML Media's claim ("ML Media Settlement Amount"). Pursuant to the ML Media Settlement, Judge Weinstein has not been informed of the ML Media Settlement Amount; however, within one business day of the issuance of the ML Media Award, Buchanan shall provide a copy of the ML Media Settlement to Judge Weinstein and in the event that the amount of the ML Media Award exceeds the ML Media Settlement Amount, the ML Media Award shall be reduced to the ML Media Settlement Amount and the remainder shall be added to the Claimants' Allocation Awards in proportion to the amount of each Claimant's Allocation Award.

8. The Allocation Process will focus on the interests and objectives of the Parties and possible solutions that Judge Weinstein believes would be fair, equitable, and mutually beneficial, without regard to any potential defenses to insurance coverage that might otherwise exist. Each Party will work with Judge Weinstein in considering and evaluating solutions that would satisfy its own interests and those of the other Parties. Each Party will have the opportunity and responsibility to candidly disclose to Judge Weinstein the facts, theories, and opinions on which it intends to rely with regard to the matters in dispute. Judge Weinstein shall have the consent of the Claimants to disclose and discuss the contentions, theories and positions of any Claimant with the other Claimants and/or Buchanan. If a Party informs Judge Weinstein that specific information is conveyed by the Party to Judge Weinstein in confidence, Judge Weinstein will not disclose that information to any other Party.

9. Following a review of all submissions of the Claimants and the aforesaid sessions with the Claimants and Buchanan, Judge Weinstein will issue an Allocation Award setting forth each Claimant's Allocation Award; the aggregate amount of the Buchanan ADR Awards, if any; and the ML Media Award. In making this determination, Judge Weinstein will take into account the nature of the claims, facts and law supporting or detracting from the claims, the relationship of the Claimant to Buchanan, and the overall merit of the claims when assessed independently and in relation to other claims asserted against Buchanan. Judge Weinstein will not take into account any potential defenses to insurance coverage that might otherwise exist.

10. Except as provided in Paragraph 11 with respect to the Class Action Claimants' Allocation Award, the Allocation Awards from Judge Weinstein shall be final and non-appealable. Following the issuance of an Allocation Award, the Parties shall enter into an appropriate Settlement and Release Agreement(s) reflecting the payment of the Allocation Award and the mutual exchange of releases of all claims and potential litigation arising out of the Adelphia matter. Each of the Parties agrees to take all steps reasonably necessary to effectuate the settlement, termination, and bar of any and all existing and/or potential direct, indirect, contribution, or other claims or liabilities of whatever nature that have been or could be asserted against Buchanan on terms determined by Judge Weinstein through this Allocation Process, including the review and approval of any settlement agreement in the MDL Proceedings if required. The Class Action Claimants' agreement to take the steps referred to in the foregoing sentence is subject to the Class Action Claimants' obligations under Rule 23 of the Federal Rules of Civil Procedure.

11. The Class Action Claimants shall present the Settlement and Release Agreement of their claims for court approval. Any Allocation Award to the Class Action Claimants is subject to a showing and determination that the Allocation Award is fair, reasonable and adequate and otherwise complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## CONFIDENTIALITY

12. The existence and terms of this Agreement are not confidential. Nothing in this Paragraph 12 shall prevent Buchanan or any other party from asserting, in any court or proceeding, the provisions of this Agreement or any result or award resulting from the Allocation Process as a complete and final bar or other precedential resolution of any and all existing and/or potential direct, indirect, contribution, or other claims or liabilities of whatever nature that have been or could be asserted against Buchanan or any other party.

13. All offers, promises, conduct, and statements, whether oral or written, made in the course of the Allocation Process by any of the Parties, their agents, employees, experts, and attorneys or Judge Weinstein for purposes of settlement are confidential. Such offers, promises, conduct, and statements will not be disclosed to third parties, except persons associated with the participants in the process (*i.e.,* a Party's agent, employee, attorney, expert, or consultant) and are privileged and inadmissible for any purpose, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule, or common law provision. Evidence or facts previously disclosed, disclosed during the course of the Allocation

Process, otherwise known to a Party, or otherwise admissible or discoverable shall not be rendered inadmissible or not discoverable as a result of their use in this process.

## REPRESENTATIONS AND GENERAL PROVISIONS

14. Each of the Parties hereby warrants, represents, and acknowledges to each other Party each of the following:

   a) The Party has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims covered by this Agreement and has the right to execute this Agreement and to receive the consideration given therefore;

   b) The Party agrees and acknowledges that the consideration given and received for this Agreement is fair, reasonable, sufficient, just and adequate and constitutes lawful consideration supporting the execution of this Agreement;

   c) The Party agrees and acknowledges that the consideration given in connection with this Agreement is given in compromise of disputed claims, and neither the exchange of such consideration nor the execution of this Agreement shall evidence or constitute any admission of liability or fault by any Party hereto;

   d) The Party is entering into this Agreement based solely and exclusively upon the Party's or its counsel's own analysis of the facts and/or information of which the Party is independently aware and not based upon or in reliance upon any statements or representations of any other party, except to the extent that such statements or representations are fully and expressly set forth in this Agreement; and

   e) The Party has read all provisions of this Agreement in full, has reviewed those provisions with the Party's counsel, and is voluntarily entering into this Agreement of its own free will and accord, for the purposes and considerations set forth herein, and with the intent to be legally bound by its terms and requirements.

15. If any provision of this Agreement, with the exception of Paragraph 10, is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall nevertheless survive and continue in full force and effect without being impaired or invalidated in any way. If Paragraph 10 is held to be invalid, void, or unenforceable, this entire Agreement will be void and of no further effect.

16. Each Party hereby agrees and acknowledges that all attorney's fees, costs, and expenses incurred by the Parties in the preparation of this Agreement will be borne by the Party incurring the same. Notwithstanding the foregoing, Class Action Claimants may seek a fee award under the provisions of Rule 23 of the Federal Rules of Civil Procedure. Judge Weinstein's fees and expenses shall be paid from the Allocation Process Funds and shall not exceed five hundred thousand dollars ($500,000).

17.  This Agreement may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, such execution shall not affect the validity of the Agreement, and the execution and exchange of an electronic or facsimile copy of the Agreement shall be binding.

18.  This Agreement constitutes the entire understanding of the Parties as to the Allocation Process and supersedes all prior and contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

19.  Previous drafts of this Agreement are inadmissible as evidence for the interpretation, construction, and/or application of this Agreement. The Parties agree that the interpretation and enforcement of this Agreement will be governed by the law of the State of New York without regard to any choice law of provision.

WHEREFORE, the preceding terms set forth herein are hereby accepted and agreed to by and between Buchanan Ingersoll & Rooney PC and each of the Claimants.

Date: 8/2/2012

Buchanan Ingersoll & Rooney PC

By: [signature]

Title: General Counsel

Adelphia Recovery Trust

By: _____

Date: _____

Title: _____

_____ (Claimant)

By: _____

Date: _____

Title: _____

_____ (Claimant)

By: _____

6

17. This Agreement may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, such execution shall not affect the validity of the Agreement, and the execution and exchange of an electronic or facsimile copy of the Agreement shall be binding.

18. This Agreement constitutes the entire understanding of the Parties as to the Allocation Process and supersedes all prior and contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

19. Previous drafts of this Agreement are inadmissible as evidence for the interpretation, construction, and/or application of this Agreement. The Parties agree that the interpretation and enforcement of this Agreement will be governed by the law of the State of New York without regard to any choice law of provision.

WHEREFORE, the preceding terms set forth herein are hereby accepted and agreed to by and between Buchanan Ingersoll & Rooney PC and each of the Claimants.

Buchanan Ingersoll & Rooney PC

Date:_____    By:_____

Title:_____


Adelphia Recovery Trust

By:_____

Date:_____    Title:_____


Plaintiffs in the Class Action
_____ (Claimant)
By: Judith L. Spanier
Title: Abbey Spanier Rodd & Abrams LLP

Date: Aug 3, 2012

Peter Linden (by JLS)
_____ (Claimant)
By: Kirby McInerney

Co-Lead Counsel for Class Plaintiffs

17. This Agreement may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, such execution shall not affect the validity of the Agreement, and the execution and exchange of an electronic or facsimile copy of the Agreement shall be binding.

18. This Agreement constitutes the entire understanding of the Parties as to the Allocation Process and supersedes all prior and contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

19. Previous drafts of this Agreement are inadmissible as evidence for the interpretation, construction, and/or application of this Agreement. The Parties agree that the interpretation and enforcement of this Agreement will be governed by the law of the State of New York without regard to any choice law of provision.

WHEREFORE, the preceding terms set forth herein are hereby accepted and agreed to by and between Buchanan Ingersoll & Rooney PC and each of the Claimants.

Buchanan Ingersoll & Rooney PC

Date:_____    By:_____

Title:_____

Adelphia Recovery Trust

By:_____

Date:_____    Title:_____

AIG DKR SOUNDSHORE (Claimant)

By: [signature]

Date: 7/30/12    Title: Counsel

_____ (Claimant)

By:_____

6

17. This Agreement may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, such execution shall not affect the validity of the Agreement, and the execution and exchange of an electronic or facsimile copy of the Agreement shall be binding.

18. This Agreement constitutes the entire understanding of the Parties as to the Allocation Process and supersedes all prior and contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

19. Previous drafts of this Agreement are inadmissible as evidence for the interpretation, construction, and/or application of this Agreement. The Parties agree that the interpretation and enforcement of this Agreement will be governed by the law of the State of New York without regard to any choice law of provision.

WHEREFORE, the preceding terms set forth herein are hereby accepted and agreed to by and between Buchanan Ingersoll & Rooney PC and each of the Claimants.

Buchanan Ingersoll & Rooney PC

Date:_____   By:_____

Title:_____

Adelphia Recovery Trust

By:_____

Date:_____   Title:_____

NYC Pension Funds (Claimant)

By: _____

Date:_____   Title: Partner, Labaton Sucharow LLP

_____ (Claimant)

By:_____

6

17. This Agreement may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, such execution shall not affect the validity of the Agreement, and the execution and exchange of an electronic or facsimile copy of the Agreement shall be binding.

18. This Agreement constitutes the entire understanding of the Parties as to the Allocation Process and supersedes all prior and contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

19. Previous drafts of this Agreement are inadmissible as evidence for the interpretation, construction, and/or application of this Agreement. The Parties agree that the interpretation and enforcement of this Agreement will be governed by the law of the State of New York without regard to any choice law of provision.

WHEREFORE, the preceding terms set forth herein are hereby accepted and agreed to by and between Buchanan Ingersoll & Rooney PC and each of the Claimants.

Buchanan Ingersoll & Rooney PC

Date:_____

By:_____

Title:_____

Adelphia Recovery Trust

By:_____

Date:_____

Title:_____

New Jersey Funds (Claimant)

By: *[signature]*

Title: Partner, Labaton Sucharow LLP

Date:_____

_____ (Claimant)

By:_____

17.     This Agreement may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, such execution shall not affect the validity of the Agreement, and the execution and exchange of an electronic or facsimile copy of the Agreement shall be binding.

18.     This Agreement constitutes the entire understanding of the Parties as to the Allocation Process and supersedes all prior and contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

19.     Previous drafts of this Agreement are inadmissible as evidence for the interpretation, construction, and/or application of this Agreement. The Parties agree that the interpretation and enforcement of this Agreement will be governed by the law of the State of New York without regard to any choice law of provision.

WHEREFORE, the preceding terms set forth herein are hereby accepted and agreed to by and between Buchanan Ingersoll & Rooney PC and each of the Claimants.

Buchanan Ingersoll & Rooney PC

Date:_____    By:_____

Title:_____

Adelphia Recovery Trust

By:_____

Date:_____    Title:_____

Plaintiffs in the action
W.R. Huff v. Deloitte (Claimant)

By: [signature]

Date: 8-14-12    Title: Counsel
Lowenstein Sandler PC

_____ (Claimant)

By:_____

6

17. This Agreement may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, such execution shall not affect the validity of the Agreement, and the execution and exchange of an electronic or facsimile copy of the Agreement shall be binding.

18. This Agreement constitutes the entire understanding of the Parties as to the Allocation Process and supersedes all prior and contemporaneous agreements, discussions, or representations, oral or written, with respect to the subject matter hereof.

19. Previous drafts of this Agreement are inadmissible as evidence for the interpretation, construction, and/or application of this Agreement. The Parties agree that the interpretation and enforcement of this Agreement will be governed by the law of the State of New York without regard to any choice law of provision.

WHEREFORE, the preceding terms set forth herein are hereby accepted and agreed to by and between Buchanan Ingersoll & Rooney PC and each of the Claimants.

Buchanan Ingersoll & Rooney PC

By:_____
Date:_____  Title:_____

Adelphia Recovery Trust

By:_____
Date:_____  Title:_____

Appaloosa Investment Limited Partnership I, Claimant

By: LOWENSTEIN SANDLER PC

Name:_____
Date: 8/7/12  Title: Member

Palomino Fund Ltd., Claimant

By: LOWENSTEIN SANDLER PC

Name:_____
Date: 8/7/12  Title: Member

-2-

                                Appaloosa Management L.P., Claimant

                                By: LOWENSTEIN SANDLER PC

Date: 8/7/12              Name: [signature]
                                Title: Member

Mutual Beacon Fund, Claimant

By: LOWENSTEIN SANDLER PC

Date: 8/7/12              Name: [signature]
                                Title: Member

Mutual Discovery Fund, Claimant

By: LOWENSTEIN SANDLER PC

Date: 8/7/12              Name: [signature]
                                Title: Member

Mutual Qualified Fund, Claimant

By: LOWENSTEIN SANDLER PC

Date: 8/7/12              Name: [signature]
                                Title: Member

Mutual Shares Fund, Claimant

By: LOWENSTEIN SANDLER PC

Date: 8/7/12              Name: [signature]
                                Title: Member

Mutual Discovery Securities Fund, Claimant

By: LOWENSTEIN SANDLER PC

Date: 8/7/12              Name: [signature]
                                Title: Member

-3-

                                                    Mutual Shares Securities Fund, Claimant

                                                    By:  LOWENSTEIN SANDLER PC

Date: __8/7/12__                        Name: _____
                                                    Title: __Member__

                                                    Mutual Beacon Fund (Canada), Claimant

                                                    By:  LOWENSTEIN SANDLER PC

Date: __8/7/12__                        Name: _____
                                                    Title: __Member__

                                                    Mutual Beacon Fund, Claimant

                                                    By:  LOWENSTEIN SANDLER PC

Date: __8/7/12__                        Name: _____
                                                    Title: __Member__

                                                    Franklin Mutual Advisers, LLC, Claimant

                                                    By:  LOWENSTEIN SANDLER PC

Date: __8/7/12__                        Name: _____
                                                    Title: __Member__

## Exhibit A

1. Adelphia Recovery Trust;

2. AIG DKR SoundShore Holdings, Ltd. and the other investment companies or accounts that entered into the AIG DKR Tolling Agreement;

3. Plaintiffs in the lawsuit captioned *Appaloosa Investment Ltd. Partnership I v. Deloitte & Touche*, 03-cv-7301 (S.D.N.Y.);

4. Plaintiff in the lawsuit captioned *Division of Investment of the New Jersey Department of the Treasury v. Rigas*, No. 03-cv-7300 (S.D.N.Y.);

5. Plaintiff in the lawsuit captioned *Elkmont Capital Ltd. v. Deloitte & Touche*, LLP, No. 03-cv-5794 (S.D.N.Y.);

6. Plaintiffs in the lawsuit captioned *In re Adelphia Communications Corp. Securities & Derivative Litigation* (Consolidated Class Action Complaint), No. 03 MD 1529 (S.D.N.Y.);

7. Plaintiffs in the lawsuit captioned *New York City Employees' Retirement System v. Rigas*, No. 03-cv-5789 (S.D.N.Y.); and

8. Plaintiff in the action captioned *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, No. 03-cv-5752 (S.D.N.Y.).