UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
IN RE ADELPHIA COMMUNICATIONS                  :
CORPORATION SECURITIES AND                     :
DERIVATIVE LITIGATION                          :
                                               :
------------------------------------------------------------------------X    03-MD-1529 (JMF)
                                               :
THIS DOCUMENT RELATES TO:                      :   MEMORANDUM OPINION
                                               :         AND ORDER
*Island Partners, et al. v. Deloitte & Touche LLP*   :
(05-CV-2770)                                   :
                                               :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On December 10, 2014, the Court issued an Opinion and Order granting in part and denying in part Defendant's motion for summary judgment. (Docket No. 96). In its Opinion, the Court ordered the parties to show cause in writing why the case should not be remanded to the Pennsylvania Court of Common Pleas of Philadelphia County for trial on the remaining issues. (Op. & Order (Docket No. 96) at 18-19). Neither side did so, but on December 24, 2014, Plaintiffs filed a motion for reconsideration, in light of which the Court refrained from remanding the case. (Docket Nos. 98, 100). The Court now turns to Plaintiffs' motion, presuming familiarity with the underling litigation and the Court's Opinion.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*,

239 F.3d 415, 427 (2d Cir. 2000).  Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  "'The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt."  *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

Measured against those standards, Plaintiffs' motion falls well short of justifying reconsideration, substantially for the reasons stated in Defendant's memorandum of law. (Docket No. 101).  Put simply, Plaintiffs either reiterate arguments that were made and considered by the Court in ruling on Defendant's motion for summary judgment or they make arguments that they could have made, but did not, in opposing that motion.  In either case, the arguments are not a proper ground for reconsideration, as a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Three of Plaintiffs' arguments call for additional, albeit brief, comment.  First, in their reply memorandum in support of reconsideration, Plaintiffs refer the Court to several cases not

previously cited that purportedly stand for the proposition that Defendant cannot invoke the parol evidence rule when interpreting the Rigas-Government settlement agreement because Defendant was not a party to that agreement.  (Pls.' Reply Mem. Law Further Supp. Mot. Reconsideration (Docket No. 102) ("Pls.' Reply Mem.") 2).  Plaintiffs misread those cases.  They stand only for the proposition that the parol evidence rule does not preclude reliance on extrinsic evidence by an entity that was not a party to the underlying agreement.  *See, e.g.*, *Roberts v. Cauffiel*, 283 Pa. 64, 68-69 (1925).  They do not stand for the proposition that the parol evidence rule is inapplicable in *any* litigation involving a non-party to the agreement at issue.

Second, Plaintiffs argue that the Court improperly concluded that Highland Holdings' litigation rights were transferred to the Government as part of the Rigas-Government settlement agreement because the Government has not yet sought a final order of forfeiture.  (Pls.' Mem. Law Supp. Mot. Reconsideration Court's Dec. 10, 2014 Order Granting Summ. J. (Docket No. 99) ("Pls.' Mem.") 8).  But, as Plaintiffs themselves admitted in their opposition to summary judgment, that argument was pressed before the Second Circuit in *In re Century/ML Cable Venture* (Pls.' Mem. Law Opp'n Def.'s Mot. Summ. J. (Docket No. 81) 15-16), and the Court of Appeals nonetheless concluded that Highland Holding's rights were transferred to the Government and could not be asserted by Zito I.  *See In re Century/ML Cable Venture*, 311 F. App'x 455, 457 (2d Cir. 2009) (summary order).  Plaintiffs advance no persuasive basis for distinguishing the Second Circuit's holding here.

Finally, in their reply memorandum of law, Plaintiffs ask the Court — if it is "disinclined to deny Deloitte's summary judgment motion on reconsideration" — to "stay its determination" of the instant motion until they have "an opportunity to file an expedited motion" with the judge who entered the Rigas-Government settlement agreement "to determine who owns the litigation

3

claims against Deloitte." (Pls.' Reply Mem. 4). As Plaintiffs failed to make that request either on summary judgment or in their initial memorandum on reconsideration, however, it is a patently improper basis for reconsideration. *See, e.g.*, *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) (stating that arguments raised for the first time in a reply memorandum are waived and need not be considered). In fact, it is not only an improper attempt to get a second bite at the apple, but also a transparent attempt to shop for another judge than the one who has already found their arguments wanting. The Court will not indulge such a tactic.

It is high time that this case — which has been pending since 2005 and which is part of a multidistrict litigation proceeding that has been pending since 2003 — comes to an end. Accordingly, and for the reasons stated above, Plaintiffs' motion for reconsideration is DENIED. The Clerk of the Court is directed to terminate 05-CV-2770 Docket No. 98 and 03-MD-1529 Docket No. 903 and to remand this case to the Pennsylvania Court of Common Pleas of Philadelphia County. In addition, as this case is the last matter in this multidistrict litigation, there is no reason for 03-MD-1529 to remain open. The Clerk of Court is therefore directed to close 03-MD-1529 and to notify the Judicial Panel on Multidistrict Litigation of that closure.

SO ORDERED.

Date: January 21, 2015
      New York, New York

_____
JESSE M. FURMAN
United States District Judge